Vincente Cesar VEGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0508–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 3, 1983.

Bob Tarrant, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before SMITH, BASS and COHEN, JJ.

## OPINION

BASS, Justice.

### ON MOTION FOR REHEARING

The opinion heretofore issued in this cause on September 15, 1983, is withdrawn and the following opinion substituted.

The appellant was tried for possession of heroin, enhanced by one prior felony conviction. He was convicted after pleading not guilty. Upon appellant's plea of true to the enhancement allegation, the court assessed punishment at ten years confinement.

The judgment is affirmed.

Officer Jack Farrar of the Houston Police Department testified that he and several other Houston Police Officers executed a narcotic search warrant at appellant's home.

Officer Terry Gildehaus testified that he searched the appellant and recovered an aluminum foil packet from appellant's shirt pocket which he gave to Officer Farrar. He identified exhibit seven as the foil packet he recovered from appellant. Officer Farrar identified exhibit seven as the packet he received from Officer Gildehause. Carolyn Gamble, a qualified chemist, testified that she performed an analysis on exhibit seven and found it to contain 307.4 milligrams of heroin.

Officer M.K. Jordan testified that he searched the bedroom and found two packets of powder, exhibits two and three. Chemist Gamble's analysis of these exhibits revealed that they contained 2.5 and 4.1 grams of heroin.

Sergeant Ronnie Noskrent searched the dining room and found a cellophane package, exhibit five, in an ornamental candle

holder. Chemist Gamble's analysis revealed that the exhibit five contained 1.6 grams of heroin.

In his first ground of error, appellant alleges that the statute under which his conviction was obtained is unconstitutional because the caption of House Bill No. 730, which amended the Controlled Substances Act, fails to meet the requirement of Article III, Section 35 of the Texas Constitution.

Two sections of the Code of Criminal Procedure were amended (Art. 42.12, Sec. 3f(c), and Art. 44.04(b) and (c).). One section of the Penal Code was incorporated into the act (Sec. 4.011, Art. 4476–15, V.T.C. S.).

Art. III, Sec. 35 of the Texas Constitution provides in pertinent part:

"No Bill ... shall contain more than one subject, which shall be expressed in its' title."

In Ex Parte: Bernard Eugene Crisp, No. 1044–82, Ct.Crim.App., September 14, 1983, the court held that "since the caption refers to one act and has the effect of modifying at least two other separate statutes not mentioned in the caption, it does not give readers fair notice of the subject matter contained within the bill." "Our holding that the caption in the instant case is defective, thereby rendering the act unconstitutional..."

The Court of Criminal Appeals went further and stated, "If an amendment to an act is declared unconstitutional and invalid, the original act remains in full force and effect, even if the amendment has no savings clause. We therefore hold that the Controlled Substance Act stands as through H.B. 730 had never been enacted."

Accordingly, since the indictment in the instant case before this court alleges possession of a quantity of heroin, which was an offense under the law as it existed before H.B. 730 was passed, and the sentence imposed was within the range allowed.

The appellant's first ground of error is overruled.

The appellant complains in his second ground of error that the evidence is insufficient to prove beyond a reasonable doubt that the substance was "unlawfully" possessed as alleged.

The appellant in his third motion to quash the indictment requested that the method of "unlawfully" by which the State intended to prove the acts of appellant were committed be proven as a "fact" issue.

The evidence clearly demonstrated that the appellant exercised actual care, custody and control over the heroin in his pocket, thus establishing that he possessed it as that term is defined by Tex.Penal Code Ann. § 1.07(a)(28) (Vernon 1974). Possession of heroin is made a criminal offense by Tex.Rev.Civ.Stat.Ann., Art. 4476–15 § 4.02(b)(2), 4.04(a)(b). The evidence showed the appellant engaged in conduct violative of the controlled substances act and demonstrated an unlawful conduct on the part of the appellant.

The appellants second ground of error is overruled.

The appellant asserts, in his third ground of error, that the evidence seized during the execution of the search warrant should have been suppressed under the mandatory provisions of Tex.Code Crim.Proc. article 38.23, (Vernon 1979) because the affidavit upon which the warrant was issued does not meet the requirements of Tex.Code Crim. Pro. article 18.01(b), (Vernon Supp.1982) Article 1, Section 9, of the Texas Constitution, and the Fourth Amendment to the United States Constitution.

The affidavit for the search warrant is as follows:

STATE OF TEXAS )
COUNTY OF HARRIS )

1. __J.E. FARRAR__ do solemnly swear that heretofore, about the __24th__ day of __FEBRUARY__, A.D. 1982 in the __CITY OF HOUSTON, HARRIS__ County, Texas, one __VINCENTE VEGA A LATIN AMERICAN MALE 40 YEARS__

OF AGE AND OTHER PERSONS UNKNOWN did then and there unlawfully possess and does at this time unlawfully possess a controlled substance, LOCATED AT 4639 RUSK. THIS PRIVATE RESIDENCE IS A ONE STORY FRAME HOUSE, WHITE IN COLOR WITH BLACK TRIM. in CITY OF HOUSTON, HARRIS County, Texas which said PRIVATE RESIDENCE is possessed, occupied, under the control and charge of VINCENTE VEGA A LATIN AMERICAN MALE 40 YEARS OF AGE AND OTHER PERSONS UNKNOWN

MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

ON FEBRUARY 24, 1982 OFFICER J.E. FARRAR A HOUSTON POLICE NARCOTIC OFFICER RECEIVED INFORMATION FROM A RELIABLE AND CREDIBLE INFORMANT THAT A LATIN AMERICAN MALE NAMED VINCENTE VEGA A LATIN AMERICAN MALE 40 YEARS OF AGE IS LIVING AT 4639 RUSK AND HAS IN HIS POSSESSION A QUANTITY OF HEROIN FOR SALE. THE INFORMANT TOLD OFFICER FARRAR THAT WITHIN THE PAST TWENTY FOUR HOURS THE INFORMANT WAS INSIDE THE HOUSE OF VINCENTE VEGA LOCATED AT 4639 RUSK AND SAW IN TIN FOIL PAPERS A QUANTITY OF HEROIN. THE INFORMANT TESTED SOME OF BROWN POWDER SUBSTANCE INSIDE THE TIN FOIL PAPERS AND IT WAS HEROIN.

THE INFORMANT TOLD OFFICER FARRAR THAT THE HOUSE THAT VINCENTE VEGA LIVES IN IS AT 4639 RUSK AND IS A ONE STORY HOUSE WHITE IN COLOR. OFFICER FARRAR CHECKED THE LOCATION AND FOUND THE INFORMATION GIVEN BY THE INFORMANT TO BE TRUE.

OFFICER FARRAR CHECKED HOUSTON POLICE RECORDS AND FOUND THAT VINCENTE VEGA HAS A POLICE RECORD FOR POSSESSION OF HEROIN.

THE INFORMANT HAS GIVEN TO OFFICER FARRAR INFORMATION REGARDING ILLEGAL NARCOTIC ACTIVITY ON MORE THAN THREE PRIOR OCCASIONS AND EACH TIME THE INFORMATION WAS TRUE AND CORRECT.

Wherefore, I ask that a warrant to search for and seize the said controlled substance at the above described premises be issued in accordance with the law in such cases provided.

s/ J.E. Farrar

Sworn to and subscribed before me by J.E. FARRAR on the 24th day of FEBRUARY , A.D. 1982 .

s/ Abraham Ramnez, Jr.

MAGISTRATE

Judge of Muncipal Court No. 8 of the City of Houston
Harris County, Texas

---

Appellant challenged the sufficiency of the affidavit upon which the search warrant was issued, and contended that the affidavit contains only two separate facts directly related by the informant. The informant allegedly "told" the affiant that "within the past twenty-four hours the informant was inside the house of Vincente Vega located at 4639 Rusk and saw in tin foil papers a quantity of heroin."

The second fact attributed to the informant was that "the house that Vincente Vega lives in is at 4639 Rusk and is a one story house white in color."

The affidavit further recited that the informant had given the affiant information concerning illegal narcotic activity on more than three prior occasions and that the informant had proven correct on each occasion.

The recitation of the informant's personal observation of heroin within the residence satisfied the first prong of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 723 (1964). *Palmer v. State,* 614 S.W.2d 831 (Tex.Cr.App.1981); *Torres v. State,* 552 S.W.2d 821 (Tex.Cr.App.1977). The first prong of the *Aguilar* test, is the "basis of the informant's knowledge" aspect, and the second prong is that the past information from informant has been reliable and truthful.

The second prong of *Aguilar,* was fulfilled by the recitation that the affiant had received information from a credible and reliable person who had given information in the past regarding narcotic traffic which had proven true and correct. *Torres, supra.* The appellant's contention that the affidavit failed to show that the informant was qualified to identify heroin is without merit. An affidavit need not state an informer's qualifications to identify heroin. *Torres,* at 824. See also *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and *Bellah v. State,* 653 S.W.2d 795 (Tex.Cr.App.1983).

The appellant's third ground of error is overruled.

The appellant, in his fourth ground of error, alleges that the evidence seized during the execution of the search warrant should have been suppressed under the mandatory provisions of Article 38.23, *supra,* because the warrant is fundamentally defective on its face for failing to meet the requirements of Article V, Section 12 of the Texas Constitution.

The appellant argues that the word "The" before "State of Texas" is necessary in setting forth the style and authority for issuance thereof. Article V., Section 12, *supra,* specifically requires that: "The style of all writs and process shall be, 'The State of Texas,'" while the search warrant heading in the instant case states, "State of Texas."

Tex.Code Crim.Proc.Ann., art. 18.04 (Vernon 1974), states that a search warrant issued under this chapter shall be sufficient if it contains the following requisites:

(1) that it run in the name of "The State of Texas";

Article V section 12 of the Constitution of the State of Texas provides:

All judges of courts of this State, by virtue of their office, be conservators of the peace throughout the State. The style of all writs and process shall be, "The State of Texas." All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: "Against the peace and dignity of the State."

The appellant filed no motions to quash the search warrant, and at no time prior to his appearance before the Court of Appeals questioned the validity of the "form" of the search warrant.

Article 38.23 of the code of criminal procedure provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

In view of the second paragraph in Art. 38.23, and in view of no complaint by the appellant before the trial court, we hold that this issue, not being a fundamental error, has been waived by the appellant. See also Tex.Code Crim.Pro.Ann. Art. 1.14 (Vernon 1974) which provides:

Art. 1.14 The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case.

The appellant's fourth ground of error is overruled.

The appellant's fifth ground of error alleges that the trial court erred in overruling the motion to quash the indictment for failing to give sufficient notice of what appellant must be prepared to meet, in that it fails to allege which of the means of "unlawfully" by which the acts of appellant were committed; i.e., how he "unlawfully" possessed the substance.

Also, the appellant's sixth ground of error alleges that the trial court erred in overruling the motion to quash the indictment for failure to give sufficient notice of what appellant must be prepared to meet, in that it fails to allege which of the four methods of "possession", as defined by statute, by which appellant is alleged to have possessed the substance named in the indictment.

The appellant has argued both grounds of error together, so they shall be discussed together.

"Unlawful" is defined by Sec. 1.07(a)(36), Vernon Texas Code Annotated, Penal Code and "possession" is defined by Sec. 1.07(a)(28) and Sec. 6.01(a) and (b), *supra;* and Art. 4476–15, Sec. 1.02(23), Vernon's Annotated Civil Statutes.

In *Phelps v. State,* 623 S.W.2d 936, 937 (Tex.Cr.App.1981), the court held that the term possession describes "a relationship to property and does not go to an act or omission of the defendant."

 Where the facts alleged in the indictment clearly show the offense to be unlawful, an express allegation of unlawfulness is unnecessary. *Ex Parte Reed,* 610 S.W.2d 495 (Tex.Cr.App.1981). The indictment alleged each of the elements of possession of a controlled substance, namely heroin, proscribed by Tex.Rev.Civ.Stat. Ann., art. 4476–15 §§ 4.02(b)(2), 4.04(a), (b) and was sufficient to allege the appellant's unlawful conduct.

The appellant's fifth and sixth grounds of error are overruled.

The appellant alleges for the first time in his motion for re-hearing that fundamental error occurred in conducting a non-jury trial without a valid waiver, as required by C.C.P. Art. 1.13. No written and signed waiver is in the appellate record. No objection on this basis was ever made. The judgment recites that the appellant "in person and in writing in open court, . . . waived his right of trial by jury." We presume the judgment recital is correct when, as in the instant case, nothing in the record contradicts it. There is no evidence negating the waiver, other than the absence of the document from the appellate record. The Court of Criminal Appeals denied relief in similar circumstances in *McCoy v. State,* 529 S.W.2d 538 (Tex.Cr.App.1975) when the judgment was collaterally attacked. This court denied relief in similar circumstances in *Foster v. State,* 661 S.W.2d 205 (1983), when a judgment was directly attacked. We adhere to the holding in *Foster v. State, supra.*

Appellant's Seventh ground of error is overruled.

The judgment of the trial court is affirmed.