Vincente Cesar VEGA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0738–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 31, 1984.
Rehearing Denied July 25, 1984.

**516**

Bob Tarrant, Houston, for appellant.

Karen Zellars, Houston, for appellee.

Before EVANS, C.J., and WARREN and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was tried before the court upon stipulated evidence, and the court found him guilty of possession of heroin and assessed his punishment at twelve years confinement.

The stipulated evidence indicates that officers of the Houston Police Department obtained a warrant to search the appellant's residence in June 1983. When the officers arrived at appellant's house, he tried to leave through the back door, but was brought back into the house and read the *Miranda* warnings. Then according to the recitation in the record,

Officer Farrar asked [appellant] if he had any heroin in his house. [Appellant] told Officer Farrar "yes" and took Officer Farrar to his bedroom. [Appellant] opened the drawer to the nightstand and Officer Farrar recovered two bags of a brown chunky substance.

In his first ground of error, the appellant contends that the stipulated evidence showing the chain of custody of the bags seized by Officer Farrar is insufficient to prove beyond a reasonable doubt that the substance tested by the police chemist and found to be heroin was the substance recovered from appellant's residence.

There was no objection at trial that the chemist's report was not admissible. Appellant therefore waived his right to complain on appeal of an alleged defect in the State's predicate to the report's admission. Moreover, the appellant's admission that he had heroin in his house tends to tie the substance in the two bags recovered by the officers during the search to the two bags containing a substance analyzed by the police chemist as heroin. We find the evidence is sufficient to show the appellant's possession of heroin, and we overrule his first ground of error.

The appellant next contends that the omission of the word "The", before the words "State of Texas" in the style of the search warrant renders it fundamentally defective, arguing that the Tex.Const. art. V, sec. 12 and Tex.Crim.Proc.Code art. 18.-04 require the style to read: "*The* State of Texas." The same argument was raised by appellant and his attorney six months earlier in a case not mentioned in appellant's brief in the instant appeal, *Vega v. State*, 662 S.W.2d 667 (Tex.App.—Houston [1st Dist.] 1983), *rev'd on other grounds*, No. TC–84–15–005 (Tex.Crim.App., April 11, 1984) (not yet reported). In that case, this court held that appellant's failure to object at trial to the style of the warrant waived any right to complain on appeal. In the present case, appellant did object at trial to the omission, so that the asserted error was preserved.

The constitutional provision invoked by appellant is located in Article V of the Texas Constitution, and that article concerns the state judiciary, not citizens' rights. Citizens generally do not have standing to complain of violations of provisions of the Constitution unless they can

demonstrate some reliance on that provision and some injury resulting from its violation. *Mouton v. State*, 627 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1981, no pet.). Here, appellant has not alleged how he was harmed by the defect in the style of the warrant, and absent some showing of harm, there is no basis for a reversal of his conviction. The second ground of error is overruled.

■ In his third ground of error the appellant contends that the trial court erred in overruling his motion to suppress because the affidavit upon which the search warrant was issued did not justify the court's finding that probable cause existed. The thrust of appellant's argument is that the affidavit does not allege that heroin could be found in the appellant's home or that heroin was actually seen in appellant's possession.

The affidavit recites that the attesting officer has received information "from a reliable and credible informant" that the appellant was "dealing heroin from his house located at 4639 Rusk." According to the affidavit, this information was based upon a transaction the informant had witnessed earlier that day, when he was at appellant's front door. This informant stated that he heard the appellant "tell an unknown Latin American male that he had plenty quarters of heroin," if anyone wanted some. The appellant then sold this person "a tin foil paper that the informant was told contained heroin, for an undetermined cash currency." The informant also said that he knew that the buyer was a user of heroin.

The affidavit further recited that appellant's house had been searched a year earlier, that heroin had been found at that time, and that appellant had been arrested. It additionally stated that the informant had given true and correct information to the police officer on more than three prior occasions.

■ The allegations in the affidavit support the magistrate's determination that a search of the house would probably result in confiscation of heroin. The affidavit explained that heroin had been found at that location in the past and that appellant apparently was selling heroin from this location again. It was reasonable for the magistrate to conclude from these facts that a search of appellant's house would yield heroin. Furthermore, the magistrate was entitled to rely on the facts supplied by the informant because tips from the informant had been reliable in the past. The statement in the affidavit that the informant was known to be reliable made it unnecessary to independently corroborate the allegations in the affidavit. *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

The third ground of error is overruled.

In his fourth ground of error, the appellant contends that the affidavit and search warrant are fatally defective because there is no allegation that the appellant "knowingly or intentionally" possessed the controlled substance, heroin, and therefore failed to allege an offense against the laws of the State of Texas. Appellant relies primarily upon cases relating to indictments and court charges, for authority that search warrants must allege a culpable mental state.

■ We overrule this ground of error. The principal function of an affidavit made in support of a search warrant is to provide the reviewing magistrate with sufficient verified information to determine whether the search warrant is justified and to prevent arbitrary and unconstitutional searches. The search warrant and affidavit serve no notice function to an accused, so there is no sound policy reason for the extension of the strict technical requirements imposed on charging instruments to search warrants and probable cause affidavits. The appellant also relies on this court's opinion in *McInnis v. State*, 634 S.W.2d 912, (Tex.App.—Houston [1st Dist.] 1982), rev'd 657 S.W.2d 113. In *McInnis*, this court invalidated a conviction for exhibiting commercial obscenity because, among other reasons, the arrest warrant failed to allege that appellant knew the

content of the film he was projecting. The Court of Criminal Appeals reversed, holding that before the appellant might complain of the arrest, he must demonstrate how he was harmed by the arrest. We conclude, under the circumstances, that the statement relied upon by appellant in *McInnis*, is dictum, and we do not consider it controlling here.

The judgment of the trial court is affirmed.