OPINION
LEVY, Justice.
Pursuant to a plea bargain agreement, appellant pled guilty to the charge of possession of cocaine, a controlled substance, and the trial court assessed punishment at 10 years confinement and a fine of one dollar.
The record reveals that on June 18, 1984, Houston Police Officer M.K. Jordan, accompanied by several other officers, executed a search warrant at 4800 La Monte, # 4207 within the City of Houston. After announcing themselves and forcing an entry, the officers discovered appellant and Mary Regina Hamilton sitting on a bed, and found a clear plastic ziplock bag containing about a gram of cocaine, a pistol, and some syringes on the bed in plain view. Officer Jordan served the search warrant and read appellant his Miranda warnings, which appellant stated that he understood. Appellant then pointed out a blue Crown Royal sack containing roughly an ounce and a half of cocaine concealed between the mattress and the headboard of the bed. Also discovered elsewhere in the house was a gram of heroin.
Appellant preserved his right to appeal from an adverse ruling on his motion to suppress the evidence seized in the search. In his two grounds of error, appellant alleges that the trial court erred in overruling his motion to suppress because the affidavit upon which the search warrant was based is insufficient to constitute probable cause as a matter of both federal and Texas law.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court reaffirmed the “totality of the circumstances” analysis in reviewing sufficiency of an affidavit to establish probable cause for issuance of a search warrant. Id., 103 S.Ct. at 2332. The court held:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Id. “[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review.” Id., 103 S.Ct. at 2331. There is a “strong preference for warrants” that “is most appropriately effectuated by according ‘great deference’ to a magistrate’s determination.” United States v. Leon, — U.S. —, 104 S.Ct. 3405, 3417, 82 L.Ed.2d 677 (1984); Gates, 103 S.Ct. at 2331. But Gates admonished that the affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and that the duty of a reviewing court is to ascertain that substantial basis. Gates, 103 S.Ct. at 2334.
In the case at bar, the affidavit recites that the informant had been inside the named residence within the preceding 24 hours and had observed heroin and cocaine in appellant’s possession. The informant described the appearance of the heroin and cocaine, which he had seen on many prior occasions. The affidavit further recites that the informant was reliable and credible, and had supplied the officer with information in the past that had consistently proved true and correct.
*510 The informant’s veracity and basis of knowledge having been established, a substantial basis existed for the magistrate to conclude that there was a fair probability contraband would be found in the residence. The information was not stale nor was there a failure to establish credibility. Cf. Leon, 104 S.Ct. at 3411. Neither was the affidavit “bare bones” or wholly con-clusory. Cf. Aguilar v. Texas, 378 U.S. 108, 109, 84 S.Ct. 1509, 1511, 12 L.Ed.2d 723 (1964). We conclude that the affidavit is sufficient to establish probable cause for issuance of the warrant. Appellant’s first ground of error is overruled.
By his second ground of error, appellant contends that the affidavit is insufficient as a matter of Texas law.
Appellant cites Eisenhauer v. State, 684 S.W.2d 782 (Tex.App.—Houston [1st Dist.] 1984, pet. granted)[1] as authority for current law in this district. In Eisenhauer, this Court held:
Under Texas law, an affidavit for a search warrant based upon hearsay must satisfy the two-prong test that the magistrate be informed of the underlying circumstances which render the information reliable and that he be informed of specific factual allegations which render the source of the information reliable.
Id. at 785; see Glass v. State, 681 S.W.2d 599 (Tex.Crim.App.1984); Winkles v. State, 634 S.W.2d 289 (Tex.Crim.App.1981) (op. on reh’g); Tex.Code Crim.P.Ann. art. 18.01 (Vernon 1977 and Supp.1986).
Appellant’s contention that the affidavit is inadequate under the Eisenhauer opinion on remand nevertheless appears to be settled by this Court’s opinion in Vega v. State, 662 S.W.2d 667 (Tex.App.-Houston [1st Dist] 1983), rev’d on other grounds, No. 1154-83 (Tex.Crim.App., Apr. 11, 1984) (not yet reported). The State’s motion for rehearing in Vega is pending at this time before the Court of Criminal Appeals.
In Vega, a virtually identical search warrant affidavit was held sufficient under the Aguilar test by this Court. Reference was also made in the opinion to the Gates decision. This Court gave some consideration to both tests; see also Vega v. State, 680 S.W.2d 515, 517 (Tex.App.-Houston [1st Dist.] 1984, no pet.), and held that both the recitations of the informant’s personal observation of heroin recently within the residence, and previous information from the source that proved true and correct, were sufficient to satisfy Aguilar’s two standards. On per curiam review, the Court of Criminal Appeals reversed solely on the question of an inadequate waiver of a jury trial, but the Court noted that “all other allegations ... are without merit and were correctly resolved by the Court of Appeals.”
Appellant alleges in his brief, as he also asserted below, that similar recitations here of the informant’s reliability and credibility are, in essence, inadequate for failure to require that the nature of information supplied on previous occasions be specified or that such information must have resulted in arrest and conviction. In support of his innovative theory, appellant cites no authority, and we can find none, nor do we believe that such theory is required by reason.
The second ground of error is overruled.
Because we conclude that the affidavit supporting the search warrant contained sufficiently specific information to constitute probable cause and justify its issuance, we overrule the appellant’s grounds of error and affirm the judgment of the trial court.

. In Eisenhauer v. State, 657 S.W.2d 184 (Tex.App.-Houston [1st Dist.] 1983), this Court held a warrantless arrest and search invalid on federal constitutional grounds under the two-pronged test of Aguilar. Judgment was reversed by application of the “totality of the circumstances” test enunciated by Gates, and remanded for reconsideration of state grounds left unanswered. Eisenhauer v. State, 678 S.W.2d 947 (Tex.Crim.App.1984).