**Vicente Cesar VEGA, Appellant,**
v.
**The STATE of Texas, Appellee.**

No. 1154–83.

Court of Criminal Appeals of Texas, En Banc.

April 11, 1984.

On Rehearing April 16, 1986.

Bob Tarrant, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Sidney Crowley and Eleanor Montague, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of possession of a controlled substance, to-wit: heroin. The punishment, enhanced by proof of a prior felony conviction, was assessed by the court at imprisonment in the Texas Department of Corrections for ten years. The conviction was affirmed on re-

hearing by the Houston 1st Court of Appeals. *Vega v. State*, 662 S.W.2d 667 (Tex. App.1983).

The appellant has filed a Petition for Discretionary Review contending that the trial court committed fundamental error in conducting a trial before the court in the absence of a valid written waiver of appellant's right to trial by jury. Art. 1.13, V.A.C.C.P. The Court of Appeals rejected this contention citing its own opinion in *Foster v. State*, 661 S.W.2d 205, (Tex.App. 1983, pet. ref'd).

We find this case is controlled by this Court's recent decision in *Lopez v. State* (No. 509–83, delivered March 28, 1984). In *Lopez*, this Court stated:

"The right to trial by jury is axiomatic in American criminal jurisprudence. Art. 1.13, V.A.C.C.P., requires that a defendant wishing to waive statutory right to trial by jury must do so in person in open court and in writing prior to entering his plea ... Such was not done in the case at bar.

"Waiver of so fundamental a constitutional right as the right to trial by jury can never be presumed from a silent record. Samudio v. State, 648 S.W.2d 312 (Tex.Cr.App.1983), cert. den. 462 U.S. 1132, 103 S.Ct. 3113 [77 L.Ed.2d 1368] (1983). In order to find a waiver of a fundamental constitutional right, there must be proof that the defendant intentionally relinquished or abandoned a known constitutional right and this Court as well as the United States Supreme Court will indulge every reasonable presumption against waiver ...

"Clearly if the omission of a defendant's signature on a jury waiver form is sufficient for reversal, a complete absence of a jury waiver form mandates the same result. This being fundamental error of constitutional magnitude, we ... hold that the issue of jury waiver may be raised for the first time on discretionary review."

*Foster v. State*, supra, relied on by the Court of Appeals, is distinguishable on the basis of the record. In *Foster*, it was clear that a written waiver had in fact been executed by the defendant. Although the Waiver of Trial by Jury had apparently been lost or misfiled in *Foster*, circumstantially the evidence was clear that the written waiver had been executed. Such is not the state of the record in the case pending before us.

Therefore, pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P.; Tex.Cr.App.R. 304(a), the appellant's Petition for Discretionary Review is granted. *Sanchez v. State*, 628 S.W.2d 780 (Tex.Cr.App., 1982); *Froyd v. State*, 633 S.W.2d 884 (Tex.Cr.App.1982).

The judgment of the Court of Appeals is reversed and the cause is remanded for a new trial. In the event of a retrial, we would note that all other allegations raised by the appellant in his petition for discretionary review are without merit and were correctly resolved by the Court of Appeals.

IT IS SO ORDERED.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appellant was convicted for possession of a controlled substance, specifically heroin. See Article 4476–15, Section 4.04, V.T.C.S. See also Article 4476–15, Section 4.02(b)(2)(K), V.T.C.S. Trial was before the court, which assessed punishment at ten years. The conviction was affirmed by the First Court of Appeals. See *Vega v. State*, 662 S.W.2d 667 (Tex.App.—Houston [1st Dist] 1983). On appellant's petition for discretionary review, this Court reversed the Court of Appeals' judgment, holding that the trial court committed fundamental error in conducting a trial before the court in the absence of a valid written waiver of appellant's right to trial by jury, as required by Article 1.13, V.A.C.C.P. The State filed a motion for rehearing requesting us to review this holding.

The judgment states that "the Defendant in person and in writing, in open court, having waived his right of trial by jury, had the indictment read to him, and in open

court pleaded not guilty." Appellant has made no affirmative showing that no waiver of jury trial was executed. Nor was there a bill of exception or objection to the record as required by Article 40.09(1), (7), V.A.C.C.P. Absent an affirmative showing to the contrary, the presumption of the regularity of the judgment controls. *Breazeale v. State,* 683 S.W.2d 446 (Tex.Cr. App.1984); *Lopez v. State,* —— S.W.2d —— (No. 509–83, delivered April 16, 1986, (opinion on State's second motion for rehearing)).

The State's motion for rehearing is granted and the judgment of the Court of Appeals is affirmed.