TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00676-CR






Rogue Alvarez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0982966, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






 Appellant Rogue Alvarez was convicted, in a trial before the court, of possessing
less than one gram of cocaine, a state jail felony. See Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.115(a)(b) (West Supp. 1999).

 The trial court assessed appellant's punishment at incarceration in a state jail facility
for a term of two years. Appellant appeals asserting that the indictment was not read, his jury
waiver was invalid, and that the evidence is legally and factually insufficient to sustain his
conviction. We will overrule appellant's points of error and affirm the trial court's judgment.

 In his first three points of error, appellant contends that the indictment was not read
and that he was not given an opportunity to plead to the charge against him which resulted in
specified grievous harm of "serious constitutional dimensions." The record shows that appellant's 
contention is without merit. The trial court's docket notations show: "8-3-98 waiver of jury trial
on plea of not guilty. Sep. 01, 1998 Arraignment of defendant on plea of not guilty and waiver
of the reading of the indictment." The trial court's judgment in part shows:


No. 0982966 , THE STATE OF TEXAS VS. Rogue Alvarez 


JUDGMENT OF THE COURT



 On this the 1st day of September A.D. 19 98 , this case was
called for trial and the State appeared by her District Attorney, and the defendant, 
 Rogue Alvarez , appeared in person in open court, his counsel, also being
present, and the said defendant having been duly arraigned pleaded NOT GUILTY
to the indictment herein, both parties announced ready for trial, and thereupon a
trial by jury was waived by all parties and the indictment was read, and the
defendant plead NOT GUILTY thereto, and the Court having heard the evidence
submitted and having heard arguments of both sides found the defendant
guilty . . . .



 Moreover, "Unless the following matters were disputed in the trial court, or unless
the record affirmatively shows the contrary, the court of appeals must presume: . . . (3) that the
defendant was arraigned; (4) that the defendant pleaded to the indictment or other charging
instrument." Tex. R. App. P. 44.2(c)(3), (4). Appellant did not raise these issues at the time of
trial nor in his motion for new trial, but raises them for the first time on appeal. Silence is not an
affirmative showing of the failure to read the indictment or to receive appellant's plea. See Salina
v. State, 888 S.W.2d 93, 101 (Tex. App.--Corpus Christi 1994, pet. ref'd). Also appellant's
reliance on Article 36.01 of the Code of Criminal Procedure is misplaced. There was no jury in
this case. Article 36.01 applies to the order of proceeding in a trial before a jury. See Tex. Code
Crim. Proc. Ann. art. 36.01 (West Supp. 1999). Appellant's first three points of error are
overruled.

 In points of error four and five, appellant declares that his written waiver of jury
trial was invalid because it was not knowingly, intelligently or voluntarily made, and therefore,
his trial before the court violated his right to a jury trial. Here again the record defeats appellant's
claim. The written jury waiver in the record conforms to the requirements of the statute. See
Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 1999). The jury waiver is signed by appellant
and his trial counsel. The consent of the attorney representing the State and the approval of the
trial court are evidenced by their signatures on the waiver. Appellant faults the waiver because
of its nonstatutory recitation "that in the event he is convicted he has the legal right to appeal to
the Court of Criminal Appeals." This misinformation was not harmful because his appointed
counsel on appeal has timely appealed to this Court. Also, the judgment which we have quoted
in the discussion of the preceding points of error states that a "trial by jury was waived by all
parties." In Vega, the record did not include a written waiver of trial by jury but the judgment
contained language similar to that in the judgment in this case; the Court of Criminal Appeals
stated, "Appellant has made no affirmative showing that no waiver of jury trial was executed. Nor
was there a bill of exception or objection to the record . . . . Absent an affirmative showing to
the contrary, the presumption of regularity of the judgment controls. Breazeale v. State, 683
S.W.2d 446 (Tex. Crim. App. 1984)." Vega v. State, 707 S.W.2d 557, 558-59 (Tex. Crim. App.
1984); see also Goffney v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992); Cardenas v.
State, 960 S.W.2d 941, 944 (Tex. App.--Texarkana 1998, pet. ref'd). In the instant case,
appellant did not object or contend in the trial court that his plea was not knowingly and
intelligently or voluntarily made. The record and the presumption of regularity establish the
validity of the jury waiver and do not support appellant's contention. Appellant's fourth and fifth
points of error are overruled.

 In points of error six and seven, appellant urges that the evidence is neither legally
nor factually sufficient to prove he intentionally and knowingly possessed a controlled substance. 
In reviewing the legal sufficiency of the evidence, the test is whether, after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994); Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is the same for both
direct and circumstantial evidence. See Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App.
1991); Mack v. State, 859 S.W.2d 526, 527 (Tex. App.--Houston [1st Dist.] 1993, no pet.). In
reviewing factual sufficiency of the evidence we view all the evidence "without the prism of in the
light most favorable to the prosecution"; we set aside the jury's verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Clewis approved this standard of review first
articulated in Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). More recently the Court of Criminal Appeals has admonished: "We emphasize that in
performing a factually sufficiency review, the courts of appeals are required to give deference to
the jury verdict, examine all of the evidence impartially, and set aside the jury verdict 'only if it
is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust'."
Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997) (quoting Clewis, 922 S.W.2d at
129).

 At about 1:16 p.m. on May 23, 1998, State Trooper Ren Earl Bowie stopped
appellant who was the driver and sole occupant of an automobile having no front license plate. 
Bowie noticed a small plastic bag near the automobile's "general console area." Bowie requested
a check of appellant's records and found that there was an outstanding Hays County warrant for
appellant's arrest. Bowie then arrested appellant. Trooper Mack McBride arrived to assist Bowie
and conducted an inventory search of the automobile. McBride found in the partially opened
dashboard ashtray a small bag containing a white powder. The bag would have been plainly
visible to someone seated on the automobile's front seat. As shown by a drawing admitted in
evidence, the ashtray was within reach of the driver. When a chemist analyzed the white powder
found in the bag, he found it to be cocaine. Appellant did not testify or offer any witnesses. 
However he offered and the court admitted in evidence a certificate showing that Antonio Vera
was the registered owner of the automobile. 

 

Under our precedents, it does not really matter whether this evidence is direct or
circumstantial. In either case it must establish, to the requisite level of confidence,
that the accused's connection with the drug was more than just fortuitous. This is
the whole of the so-called "affirmative link" rule.


 . . . .


[E]ach defendant must still be affirmatively linked with the drugs he allegedly
possessed, but this link need no longer be so strong that it excludes every other
outstanding hypothesis except defendant's guilt.


Brown v. State, 911 S.W.2d 744, 747-48 (Tex. Crim. App. 1995). 

 Although another person was the registered owner of the automobile in which the
contraband was found, appellant was the driver and only occupant of the automobile when he was
stopped. Bowie saw a small bag in the console area of the car and McBride found a bag
containing cocaine plainly visible in the partially closed ashtray. The record does not show that
any other bag was found in the car. This would suggest that the bag had been removed from the
console and placed in the ashtray. 

 We conclude that the evidence is sufficient to show that appellant knew of the
presence of the contraband and that he had actual care, custody, and control of the contraband. 
Applying the standards of legal and factual sufficiency that we have already stated, we hold the
evidence is both legally and factually sufficient to sustain appellant's conviction. Appellant's sixth
and seventh points of error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Patterson and Dally*

Affirmed

Filed: July 29, 1999

Do Not Publish

* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 Jackson v. Virginia, 443 U.S.
307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994); Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is the same for both
direct and circumstantial evidence. See Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App.
1991); Mack v. State, 859 S.W.2d 526, 527 (Tex. App.--Houston [1st Dist.] 1993, no pet.). In
reviewing factual sufficiency of the evidence we view all the evidence "without the prism of in the
light most favorable to the prosecution"; we set aside the jury's verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Clewis approved this standard of review first
articulated in Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). More recently the Court of Criminal Appeals has admonished: "We emphasize that in
performing a factually sufficiency review, the courts of appeals are required to give deference to
the jury verdict, examine all of the evidence impartially, and set aside the jury verdict 'only if it
is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust'."
Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997) (quoting Clewis, 922 S.W.2d at
129).

 At about 1:16 p.m. on May 23, 1998, State Trooper Ren Earl Bowie stopped
appellant who was the driver and sole occupant of an automobile having no front license plate. 
Bowie noticed a small plastic bag near the automobile's "general console area." Bowie requested
a check of appellant's records and found that there was an outstanding Hays County warrant for
appellant's arrest. Bowie then arrested appellant. Trooper Mack McBride arrived to assist Bowie
and conducted an inventory search of the automobile. McBride found in the partially opened
dashboard ashtray a small bag containing a white powder. The bag would have been plainly
visible to someone seated on the automobile's front seat. As shown by a drawing admitted in
evidence, the ashtray was within reach of the driver. When a chemist analyzed the white powder
found in the bag, he found it to be cocaine. Appellant did not testify