# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
NO. 03-00-00197-CR
NO. 03-00-00198-CR
===============

Gregory William Lappert, Appellant

&

Laurie Jo Lappert, Appellant

v.

The State of Texas, Appellee

=========================================================================

FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NO. 9312 & 9313 HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

=========================================================================

Appellant Gregory William Lappert was convicted on his plea of guilty of possessing with intent to deliver more than four grams but less than 200 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .112(a), .112(d) (West Supp. 2001). The trial court assessed his punishment at imprisonment for ten years and a fine of $5,000. Pursuant to a plea bargain agreement, imposition of sentence was suspended and appellant was granted community supervision.

Appellant Laurie Jo Lappert was convicted on her plea of guilty of possessing more than four grams but less than 200 grams of methamphetamine. *See id.* §§ 481.102(6), .115(a),

.115(d) (West Supp. 2001). The trial court assessed her punishment at imprisonment for six years and a fine of $5,000. Pursuant to a plea bargain agreement, imposition of sentence was suspended and appellant was granted community supervision.

We affirm the judgments.

In their sole point of error, appellants assert that the trial court erred in refusing to grant their motion to suppress evidence obtained in a search of their home. Officers armed with a search warrant searched appellants' home and seized methamphetamine. Appellants contend that the affidavit upon which the magistrate issued the warrant contained conclusory statements not showing probable cause for issuance of the search warrant. We quote appellants' summarized argument appearing in their appellate brief:

> The affidavit in this case did not reflect probable cause to search Appellant's home. Although the informant's reliability is attested to in general terms, the informant is not alleged to have any training or experience as far as identifying methamphetamine or knowing how it is manufactured. Without details as to exactly what the informant saw or any information as to his experience with methamphetamine, the affidavit simply does not reflect what the basis for his knowledge was. The "facts" alleged are, in short, merely conclusory allegations.

> Moreover, the affidavit is not saved by virtue of the alleged supervised buys. There is no mention in the affidavit of whether the so-called "useable" amounts were field-tested positive. Without such an allegation or some kind of corroboration showing that the informant actually purchased methamphetamine, the magistrate lacked a substantial basis for issuing the warrant. Moreover, even if the informant did make such purchases, the purchases were not connected in any way to Appellant's home.

Whether the facts alleged in a probable cause affidavit sufficiently support a search warrant is determined by examining the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 228-29 (1983); *Ramos v. State*, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996);

2

*Hackleman v. State*, 919 S.W.2d 440, 447 (Tex. App.–Austin 1996, pet. ref'd untimely filed). The probable cause determination is simply a practical common sense decision whether, given the circumstances described in the affidavit, there is a fair probability that contraband will be found in a particular designated place. *Hackleman*, 919 S.W.2d at 447. "The allegations are sufficient if they would 'justify a conclusion that the object of the search is probably on the premises.'" *Ramos*, 934 S.W.2d at 363 (quoting *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986)). "The magistrate is permitted to draw reasonable inferences from the facts and circumstances alleged." *Id*. *Accord Gish v. State*, 606 S.W.2d 883, 886 (Tex. Crim. App. 1980). In determining whether an affidavit for a search warrant shows probable cause, a reviewing court looks to the four corners of the affidavit. *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996); *Doescher v. State*, 578 S.W.2d 385, 387 (Tex. Crim. App. 1978); *Hackleman*, 919 S.W.2d at 447; *Carroll v. State*, 911 S.W.2d 210, 216 (Tex. App.–Austin 1995, no pet.). Other than the affidavit upon which the warrant was issued, evidence adduced at the suppression hearing does not factor into the assessment of whether the affidavit shows probable cause. *Massey*, 933 S.W.2d at 148. The information alleged in a search warrant affidavit need not "match in quality or quantity the evidence necessary to obtain a conviction." *Janecka v. State*, 739 S.W.2d 813, 823 (Tex. Crim. App. 1987).

Although evidence other than the affidavit was offered on the hearing of the motion to suppress, the determination of probable cause for the issuance of the search warrant must be ascertained from the face of the affidavit alone. A district judge, acting as a magistrate, issued the search warrant based on an affidavit which in pertinent part stated:

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

Your Affiant is employed as a commissioned Peace Officer by the Fayette County Sheriff's Department and has been for the past twenty-two months. Your Affiant is currently assigned as an Investigator to the Capitol Area Narcotics Task Force. Your Affiant has over 24 years of law enforcement experience and has been involved in numerous narcotics investigations as found in the provisions of the Health and Safety Code, Title 6, Chapter 481, Texas Controlled Substance Act during this time.

Affiant has observed cocaine, marijuana, Methamphetamine and other illegal narcotics in these investigations, and is aware of how they are packaged for sale, transportation, and used. Affiant knows that narcotics dealers keep books, tally sheets, and ledgers, both written and computerized, as well as receipts, bank records, money orders, photographs, videos, and other papers relating to the manufacture, cultivation, transportation, sale, and distribution of illegal controlled substances. Affiant is also aware that narcotic dealers keep large amounts of currency in their residences and vehicles. Affiant is also aware that narcotic dealers frequently keep firearms for the protection of their narcotics and the proceeds of their illegal activities.

Information has been given to your Affiant by a Confidential Informant, hereafter referred to as CI, for security reasons, regarding Methamphetamine being possessed at the residence listed above. The aforementioned CI has provided information regarding narcotics trafficking and transactions to your Affiant in the past that has been proven to be true and correct.

Within the past 72 hours the CI observed Methamphetamine inside the residence of Gregory Lappert and Laurie Lappert. The CI stated that Greg Lappert and Laurie Lappert manufacture (cook) Methamphetamine at said location on West McDonald Lane. On two separate occasions within the past thirty-five days, the C.I. under the supervision of the Affiant has purchased a useable amount of Methamphetamine from Gregory Lappert. The C.I. informed this Affiant that the C.I. has observed Gregory Lappert and Laurie Lappert manufacture (cook) Methamphetamine at the aforementioned residence on West McDonald Lane on more than one occasion. Affiant has received information from the Texas Department of Public Safety Narcotics Division that both Gregory Lappert and Laurie Lappert have been suspected in narcotics trafficking, namely Methamphetamine since 1997.

4

Appellants argue specifically that this affidavit is insufficient to show probable cause because it fails to show that the informer had training and experience in identifying methamphetamine and in knowing how it is manufactured. The Court of Criminal Appeals has answered a similar contention as follows:

> In *Torres v. State*, 552 S.W.2d 821 (Tex. Crim. App. 1977), this Court, citing *Pecina v. State*, 516 S.W.2d 401 (Tex. Crim. App. 1974), held that an affidavit need not state an informer's qualifications to identify heroin.
>
> ". . . Further, the allegation that the informer had given information in the past 'regarding narcotic traffic' which had proven to be correct, when interpreted in a realistic and common sense manner, indicates the informer's familiarity with controlled substances." *Torres v. State*, *supra*, at 824.

*Palmer v. State*, 614 S.W.2d 831, 833 (Tex. Crim. App. 1981). *Accord Carroll*, 911 S.W.2d at 217; *Vega v. State*, 662 S.W.2d 667, 671 (Tex. App.—Houston [1st Dist.] 1983), *aff'd,* 707 S.W.2d 557 (Tex. Crim. App. 1986); *Bevers v. State*, 649 S.W.2d 147, 150 (Tex. App.—Fort Worth 1983, no pet.). We find appellants' argument without merit.

Appellants also contend that the statement in the affidavit that the informer made supervised buys of methamphetamine is of no value in showing probable cause because there was no mention that the purchased substance "field-tested positive" for methamphetamine. Affiant stated that "the C.I. under the supervision of affiant has purchased a useable amount of methamphetamine from Gregory Lappert." Affiant made this statement under oath in an official proceeding authorized by law. If the affiant's statement were untrue, that is, the substance purchased was not methamphetamine, affiant would have committed the criminal offense of perjury. In these circumstances, applying a common sense meaning to the affiant's statement that

5

methamphetamine was purchased from appellant Gregory Lappert, the magistrate could reasonably believe that the substance purchased from appellant Gregory Lappert was methamphetamine. In determining whether there was probable cause for issuing the warrant, the magistrate was dealing with reasonable probability not requiring proof beyond a reasonable doubt. Appellants' complaint that the affidavit did not state the substance purchased from Gregory Lappert "field-tested positive" for methamphetamine does not give a common sense meaning to the statement that methamphetamine was purchased from appellant Gregory Lappert. We also find this contention is without merit.

What were the sworn facts and circumstances presented to the magistrate in the affidavit? The veteran law enforcement officer who had investigated many controlled substances violations swore that: (1) he had been informed by other responsible law enforcement officers that both appellants had been suspected of trafficking in methamphetamine since 1997; (2) he had supervised a proven confidential informer in making two recent purchases of methamphetamine from appellant Gregory Lappert; and (3) he had been told by the proven confidential informer that within the last seventy-two hours the informer had been on the premises where he saw methamphetamine and the appellants manufacturing (cooking) methamphetamine. These facts and circumstances sworn to by the affiant and the inferences that may legitimately be drawn from such facts and circumstances, when considered by the magistrate in a practical common sense way, assured the magistrate that there was a fair probability that methamphetamine would be found on the premises.

Regardless of whether we review the sufficiency of the warrant affidavit *de novo*; *see Wynn v. State*, 996 S.W.2d 324, 326-27 (Tex. App.—Fort Worth 1999, no pet.); *Lane v. State*,

6

971 S.W.2d 748, 752 (Tex. App.–Dallas 1998, pet. ref'd); *Wachter v. State*, 961 S.W.2d 598, 600 (Tex. App.–San Antonio 1997, pet. ref'd); or we apply the abuse of discretion standard of review, *see State v. Bradley*, 966 S.W.2d 871, 873-74 (Tex. App.–Austin 1998, no pet.); *Daniels v. State*, 999 S.W.2d 52, 54 (Tex. App.–Houston [14th Dist.] 1999, no pet.); *Barton v. State*, 962 S.W.2d 132, 134-38 (Tex. App.–Beaumont 1997, pet. ref'd), we conclude that the magistrate properly issued the search warrant, and that the trial court did not err in refusing to grant appellants' motion to suppress. The point of error is overruled.

The judgments are affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Kidd and Dally[*]

Affirmed

Filed: January 11, 2001

Do Not Publish

---

[*]   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).