**Ex parte Don W. HALL.**

No. 53865.

Court of Criminal Appeals of Texas.

Feb. 2, 1977.

Will Gray, Houston, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DAVIS, Commissioner.

This is a post-conviction writ of habeas corpus brought under the provisions of Art. 11.07, V.A.C.C.P. by the petitioner, an inmate of the Texas Department of Corrections.

Petitioner was convicted on March 25, 1952, of the primary offense of murder without malice in the 70th Judicial District Court of Ector County and his punishment, enhanced under the provisions of Article 63, V.A.P.C., was assessed at life.

Upon a hearing in the convicting court following the filing of petitioner's application for habeas corpus, the court found that the stipulation of evidence entered into by the petitioner and the State supported the petitioner's allegation that in one of the two prior convictions used for enhancement, Cause No. 818 in the 106th Judicial District Court of Lynn County, wherein petitioner was convicted of felony theft on November

14, 1942, petitioner was without counsel at the time of trial, was indigent and had not waived the right to counsel.

In addition to the stipulation of the State and petitioner, the record reflects that the records relating to the said Lynn County conviction were before the court and lend support to the court's findings.

We conclude that the findings of the trial court that "The conviction in Cause No. 818 was constitutionally void because of the absence of counsel and could not be used for enhancement" is supported by the evidence and the decisions of the United States Supreme Court and this Court.

Prior convictions cannot be used for enhancement purposes where such convictions are subsequently rendered void upon a determination that petitioner was denied the Sixth Amendment right to counsel. See *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Ex parte Swinney,* Tex.Cr.App., 499 S.W.2d 101; *Ex parte Cooper,* Tex.Cr.App., 493 S.W.2d 810.[1]

The State urges that appellant is not entitled to relief because the stipulation of the petitioner herein reflects that petitioner was convicted (in a case not used for enhancement) in Cause No. 1120 in Dawson County on December 13, 1940, when he was sixteen years of age and was represented by court-appointed counsel on such occasion. The State contends that where an accused's sentence could have been enhanced to life by another prior valid felony conviction, any error in using an invalid one is deemed harmless in post-conviction habeas corpus proceedings. In support of this argument, the State cites two decisions of the Fifth Circuit, *Webster v. Estelle,* 505 F.2d 926 (1974) and *Cline v. United States,* 453 F.2d 873 (1972), which contain statements that appear to support this position.

In *White v. State,* 500 S.W.2d 529, this Court stated that the holding in *Moore v. State,* 154 Tex.Cr.R. 307, 227 S.W.2d 219 "is

1. Since petitioner's trial occurred prior to the Supreme Court decision in *Burgett v. Texas,* supra, no claim can be made that petitioner had waived this contention by failing to object.

See *Ex parte Casarez,* Tex.Cr.App., 508 S.W.2d 620; *Ex parte Flores,* Tex.Cr.App., 537 S.W.2d 458.

still applicable in that to be used for enhancement of punishment under Art. 63, V.A.P.C., the prior convictions must be alleged." We decline to hold that the error in using a void prior conviction for enhancement is rendered harmless where the evidence reflects that there is another prior conviction which could have been used.

It becomes unnecessary for us to decide whether the primary offense of murder without malice and the remaining offense used for enhancement, robbery by assault, are like offenses under Art. 62, V.A.P.C., since the maximum penalty for the offense of murder without malice was five years. Art. 1257b, V.A.P.C. (1925). Petitioner has served in excess of the maximum punishment of five years and is entitled to release.[2]

The relief under this writ is granted, and petitioner is ordered released from further confinement under said life sentence.

Opinion approved by the Court.

2. The stipulation of the State and petitioner recites that petitioner "has served in excess of seventeen (17) years (flat time) and has additional credit for a substantial number of 'good time' years." The trial court in its findings concluded that petitioner "has served far in excess of his term, he is entitled to his immediate release."