Peretta Ann TINSLEY, Appellant,

v.

The STATE of Texas, State.

No. 2–84–147–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 7, 1985.

**94**

Joe E. Johnson, Jr., Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Mary Thornton Taylor, Asst., Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK, J.

## OPINION

FENDER, Chief Justice.

Appellant was indicted and convicted for lying about her employment status to receive Aid for Families with Dependent Children (AFDC) from the Texas Department of Human Resources. TEX.PENAL CODE ANN. sec. 32.46 (Vernon Supp.1985). Trial was to the court, and punishment was assessed at ten years probation. Appellant raises three grounds of error.

We affirm.

In her first ground of error, appellant contends that her conviction is supported by insufficient evidence, and further, that State's exhibit nos. 6, 7, and 8 were improperly admitted as hearsay. We first note that appellant has combined two specific and distinct arguments in one ground of error, violating TEX.CODE CRIM.PROC. ANN. art. 40.09(9) (Vernon 1979), which forbids multifarious grounds of error. *See Euziere v. State,* 648 S.W.2d 700, 703 (Tex. Crim.App.1983). Even though appellant has improperly preserved error, we will address her arguments in the interest of justice.

Appellant argues that State's exhibit no. 6, an "Employee's withholding allowance certificate," issued by HCB Contractors in the name of Peretta Tinsley, was admitted without the proper predicate as required by TEX.REV.CIV.STAT.ANN. art. 3737e sec. 1 (Vernon Supp.1985).

Section 1 states:

A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

The sponsoring witness, who was the cost accountant and payroll supervisor to HCB, testified as follows:

Q. Mr. Houghton, let me show you what has been marked for identification purposes as State's Exhibit Number Six and ask if you will describe to the Court what that is?

A. This is a copy of a W4 Form filled out on the job site for Peretta Tinsley, social security number 461116838 February 16th. 1982. [sic]

Q. And on what occasion is that form filled out, [sic]

A. On beginning employment.

Q. And is this part of the payroll department's records?

A. That's correct.

Q. And are the entries that are on here made at or near the time that the form is filled out and signed and dated?

A. Yes.

Q. Are the entries made by a person who has personal knowledge?

A. Yes.

Q. And is this employee's withholding certificate kept in the normal course of business of HCB Construction?

A. Yes, it is.

Q. In fact, it's required by Federal law that you keep this record; is that correct?

A. That's correct.

MR. McENTIRE: [Prosecutor] Your Honor, we offer State's Exhibit Number Six.

Appellant urges that the following testimony elicited on voir dire renders the exhibit inadmissible because it shows the exhibit was not made by an employee.

Q. You didn't see Peretta Ann Tinsley whose purported signature is on this form?

A. I did not.

Q. And do you know if an employee of your firm made out this form, or has someone else made it out?

A. I couldn't answer that because at different times the employee will make it out, and sometimes the field office manager will make it out.

Q. You don't know of your own knowledge whether any employee of your company entered anything on this form?

A. I do not.

■ We disagree. Although the witness admitted that he did not know who specifically had filled out the form, he did state that either the named employee (the appellant) or the field office manager, filled out the form. In either situation the prerequisite of article 3737e was met—that an employee of the company with personal knowledge either made the record or transmitted the information to someone else to make the record. *See Villiers v. Republic Financial Services, Inc.*, 602 S.W.2d 566, 572 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). The business records act does not require that the sponsoring witness observe the making of the record. It only requires that the witness know that it was prepared in the regular course of business by an employee. State's exhibit number six was properly admitted into evidence.

■ Appellant next contends that State's exhibit 7 was improperly admitted. Exhibit 7 consisted of copies of State Treasury warrants issued to appellant, along with a certification from the Director of Item Processing of the Office of the Treasurer that the copies of the warrants are authentic. Appellant argues that the copies were improperly admitted because Betsy Collins, the custodian of records in the Department of Human Resources and the witness who introduced the exhibit, never had actual custody of the copies themselves, and because the certification does not establish the requisite predicate set forth in art. 3737e, section 1.

Appellant's reliance on art. 3737e, however, is misplaced. Exhibit 7 is admissible by virtue of TEX.REV.CIV.STAT.ANN. art. 3731a, sec. 1 (Vernon Supp.1985), which reads as follows:

Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3.

State's exhibit 7 has an attached affidavit by an employee of the Treasury Department certifying that the warrants are true and correct copies of the warrants on file. Since appellant has not contested the validity of the exhibit, it was properly admitted under the official record exception to the hearsay rule.

■ Finally, appellant objects to State's exhibit 8. Exhibit 8 was a written request from Collins to the Office of the Treasury asking for the dates that warrants issued to appellant were cashed. Appellant argues that as exhibit 8 consisted entirely of information which was either extracted

from the records of the Texas Department of Human Resources by Collins, or from the State Treasury Department by some unknown person, while the underlying records themselves were not admitted, exhibit 8 is inadmissible hearsay. We disagree. The request for warrant information qualifies as an official government document made in the performance of the sponsoring witness's official job duties as a State governmental employee. The top of the exhibit indicates that in fact it is a form that an employee fills out any time Treasury warrants are needed. Appellant also has not contested the validity of the information contained in State's exhibit 8. Exhibit 8 was properly admitted.

We now address appellant's contention that the evidence was insufficient to support a conviction. In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the judgment where the trial court acts as the trier of fact. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App. 1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on rehearing).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim. App.), *cert. denied,* —— U.S. ——, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

■ Appellant argues that the proof introduced at trial is (1) insufficient to identify her as the same person named in exhibits 4 or 6 (employment records); (2) to show

that appellant, by deception, caused the Department of Human Resources to execute a document; and (3) finally that any such executed document affected the pecuniary interest of the Department of Human Resources. We disagree.

The employment records carried the same name and social security number as that of appellant. Moreover, the State introducted appellant's written confession in which she admitted that she worked for HCB contractors from February, 1982, through August, 1982, and also admitted that she had lied about her employment status to a caseworker of the Department of Human Resources in a March, 1982 interview. Finally, an investigator for the Department of Human Resources testified that he had a February, 1983, meeting with appellant during which time she acknowledged that she had filed an application for assistance in March, 1982.

We find there was sufficient evidence to show that appellant had been working when she filed her application for benefits, and that therefore she was guilty of deception.

■ There was also sufficient evidence to show how appellant's deception affected the pecuniary interest of the Department of Human Resources. Appellant asserts that a form 1101 filled out by a caseworker pursuant to the March, 1982, interview she had with the DHR caseworker did not transfer any pecuniary interest to appellant. The testimony established, however, that information from form 1101 is entered into a computer and it is from that information that the warrants are issued. Without form 1101, an applicant will never receive AFDC benefits. Therefore, form 1101 does affect the pecuniary interest of the Department of Human Resources.

Finally, the evidence showed that State warrants were issued and paid to appellant. We find, therefore, that appellant's deception affected the pecuniary interest of the Department of Human Resources. Appellant's first ground of error is overruled.

In grounds of error two and three, appellant complains that the trial court erred in refusing to grant her motion to quash the indictment. In pertinent part, the indictment reads as follows:

PERETTA ANN TINSLEY hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 1st day of April 1982, did then and there intentionally, by deception, to-wit: the Defendant stated that she was not employed and with intent to defraud and harm the Texas Department of Human Resources, an agency of the State of Texas, cause Jeanne Sheekhi, [sic] an employee of said agency, to sign and execute a document affecting the pecuniary interest of said agency, to-wit: from [sic] 1101 used by said agency for processing Aid to Families with Dependent Children benefits, and said document is of the tenor following: ...

In ground of error two, appellant asserts the indictment fails to set forth an offense in plain and intelligible words because it does not put the appellant on notice of what pecuniary interest of the Texas Department of Human Resources is affected and in what way such pecuniary interest is affected.

■ We disagree. In referring to pecuniary interest, the indictment followed the language of TEX.PENAL CODE ANN. sec. 32.46 (Vernon Supp.1985). Generally, an indictment which tracks the language of the statute is legally sufficient. *Santana v. State*, 658 S.W.2d 612, 613 (Tex.Crim. App.1983). Thus, unless the facts sought by appellant in her motion to quash are essential to giving notice, the present indictment is sufficient. *Id.*

■ Presumably, the State could have specified the precise nature of the pecuniary interest affected by stating that a certain number of warrants were issued and paid to appellant. However, we find that such information would have been purely evidentiary, and not essential for purposes of notice and plea in bar. *See Inman v. State*, 650 S.W.2d 417, 420 (Tex.Crim.App. 1983).

■ Moreover, the indictment reads, "affecting the pecuniary interest of said agency, to-wit: from [sic] 1101 used by said agency for processing Aid to Families with Dependent Children benefits, ..." Since the phrase "Aid to Families with Dependent Children benefits" modifies "pecuniary interest," the indictment is sufficient to put appellant on notice of the type of pecuniary interest she affected.

We are aware of TEX.CODE CRIM. PROC.ANN. art. 21.09 (Vernon Supp.1985), which states that "[i]f known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership." *See Atkins v. State*, 667 S.W.2d 540 (Tex.App.—Dallas 1983, no pet.). However, we do not feel that art. 21.09 requires a greater specification of "pecuniary interest" than is found here. Appellant's ground of error two is overruled.

■ In ground of error three, appellant states the trial court should have granted her motion to quash the indictment because it fails to allege an offense. Appellant argues that the State should have alleged in the indictment that appellant's statement to the Department of Human Resources— that she was not employed—was false, since it was necessary for the State to prove at trial that the statement was false.

Appellant's argument is without merit. The indictment stated appellant used deception, defined in TEX.PENAL CODE ANN. sec. 31.01(2)(A) (Vernon 1974) as:

(A) Creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true.

Although the indictment did not expressly state the statement was false, the indictment is sufficient since the language used strongly indicated that such was the case. *See Baldwin v. State*, 538 S.W.2d 109, 111 (Tex.Crim.App.1976). Appellant's third ground of error is overruled.

The judgment is affirmed.