Wayne Mandlebert
ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 66967.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 16, 1987.

Donald B. Kelley, Orange, for appellant.

William C. Wright, Co. Atty. & James O. Jenkins, Jr. & Stephen C. Howard, Asst. Co. Atty's., Orange, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Appellant was convicted of aggravated kidnapping; the convicting jury found an allegation of a prior felony conviction "true" for purposes of enhancement, V.T.C.A. Penal Code, § 12.42(c), and assessed punishment at 40 years imprisonment. Appellant now complains of the denial of his motion to dismiss for alleged violation of his statutory right to speedy trial, his requested jury instruction on voluntary release at the guilt phase of trial, his motion to quash the enhancement paragraph of the indictment, and of the trial court's admission of a "pen packet" at the punishment phase of trial.[1] We will affirm.

In his first two points of error,[2] appellant contends that the trial court reversibly erred when it denied his motion to dismiss for violation of the Speedy Trial Act, Article 32A.02, V.A.C.C.P. A majority of this Court recently declared that statute unconstitutional and void in its entirety. *Meshell v. State,* 739 S.W.2d 246, 257 (Tex. Cr.App.1987). An unconstitutional statute is void from its inception and cannot pro-

vide a basis for any right or relief. 12 Tex. Jur.3d, *Constitutional Law* § 41, at 548 and cases collected in n. 33 thereof. In any event, this Court has effectively rejected the arguments now advanced by appellant. See, *Carr v. State,* 733 S.W.2d 149 (Tex.Cr. App.1987) (On Court's own Motion for Rehearing); *Denson v. State,* 733 S.W.2d 891 (Tex.Cr.App.1987) (On Appellant's Motion for Rehearing); *Luedke v. State,* 711 S.W. 2d 657, 658–659 (Tex.Cr.App.1986); *Perez v. State,* 678 S.W.2d 85 (Tex.Cr.App.1984); *Paris v. State,* 668 S.W.2d 411 (Tex.Cr. App.1984); and, *Rosebury v. State,* 659 S.W.2d 655 (Tex.Cr.App.1983). Appellant's first and second points of error are overruled.

Appellant's third point of error asserts error in the trial court's refusal to grant his requested instruction on voluntary release, V.T.C.A. Penal Code, § 20.04(b), at the guilt phase of the trial. The trial court, over objection, submitted such a charge at the punishment phase.

Section 20.04(b), supra, provides that aggravated kidnapping, is reduced to a "second degree" felony if "the actor voluntarily releases the victim alive and in a safe place." It is now well settled that this subsection does not create an exception to the offense and that failure to so release the victim is not an element of aggravated kidnapping. Rather, proof of such release only mitigates punishment. *Butler v. State,* 645 S.W.2d 820, 822–823 (Tex.Cr. App.1983); *Smith v. State,* 541 S.W.2d 831, 838 (Tex.Cr.App.1976) (On State's motion for rehearing) *cert. denied,* 430 U.S. 937, 97 S.Ct. 1565, 51 L.Ed.2d 783 (1977). The evidence in this case raised the issue; the court did not err in refusing the charge at the guilt phase, but submitting it at the punishment phase. Cf. *Wright v. State,* 571 S.W.2d 24 (Tex.Cr.App.1978) (submission at punishment stage after guilty plea); *Williams v. State,* 718 S.W.2d 772, 773–775 (Tex.App.—Corpus Christi, 1986) no PDR.

---

1. This case arose prior to the effective date of Acts 1981, 67th Leg., p. 802, ch. 291, § 102. Direct appeal to this Court was therefore proper. See Articles 4.01 and 4.03, V.A.C.C.P.

2. Previously called "grounds of error," Tex.R. Crim.Proc. Rule 301; Article 40.09(9), V.A.C.C.P. See now, Tex.R.App.Proc. Rules 74(d) and 210(b), effective September 1, 1986.

Appellant's third point of error is overruled.

In his fourth point of error appellant argues that the trial court's denial of his "motion to quash the enhancement allegation in the indictment for reasons that the conviction was void as a matter of law" was error.

### A.

The indictment alleges that appellant was convicted in Criminal Judicial District Court of Jefferson County on August 20, 1974 of a December 11, 1973 burglary of a house, former Penal Code Art. 1389, in Cause No. 31,270, and that such conviction became final prior to the commission of the primary offense. To prove these allegations, the State introduced certified copies of a "penitentiary packet," hereinafter "pen packet," containing copies of, *inter alia*, the indictment, judgment and sentence, conforming to the allegations in the enhancement count and bearing the Cause No. 31,270. Also among the contents of the pen packet, and introduced into evidence therewith, was a copy of a two page form document containing *inter alia*, a stipulation and agreement to stipulate evidence, waivers of jury trial, appearance, confrontation and cross-examination of witness and the admonishments required by Article 26.13, V.A.C.C.P., signed and approved by appellant, his counsel and the trial judge, but bearing the Cause No. 31,-271. Evidence adduced out of the presence of the jury showed that these documents, regardless of the cause numbers noted on the face thereof, were filed in the trial court's file of the papers of Cause No. 31,270. Additionally, the State submitted certified copies of fingerprints taken by police on the day of his arrest for the primary offense, a fingerprint card and photograph, purportedly of appellant, found in the pen packet and expert testimony that both fingerprints were taken from the same individual. This evidence was clearly sufficient to support the jury's finding that the enhancement allegations were true, see e.g., *Beck v. State*, 719 S.W.2d 205, 209–210 (Tex.Cr.App.1986) and cases cited therein, and appellant does not claim otherwise.

■ It is settled law in this State, however, that, sufficient or even overwhelming evidence not withstanding, a finding of "true" is improper where the prior conviction alleged for purposes of enhancement is void. *Ex parte Hall*, 546 S.W.2d 303, 304 (Tex.Cr.App.1977); compare *Platter v. State*, 600 S.W.2d 803, 805 (Tex.Cr.App. 1980) (as corrected on denial of rehearing). A prior conviction may be held void on collateral attack if, *inter alia*, the accused is convicted upon a plea of guilty without first waiving his right to jury trial pursuant to Articles 1.13, 1.14 and 1.15, V.A.C. C.P., *Boyd v. State*, 660 S.W.2d 820 (Tex. Cr.App.1983), or his rights to appearance, confrontation and crossexamination pursuant to Article 1.15, supra, *Rodriguez v. State*, 534 S.W.2d 335 (Tex.Cr.App.1976), *Valdez v. State*, 555 S.W.2d 463 (Tex.Cr. App.1977), *Brewster v. State*, 606 S.W.2d 325 (Tex.Cr.App.1980); the trial court wholly fails to admonish the accused pursuant to Article 26.13(a), supra, prior to receipt of his guilty plea, *Ex parte Smith*, 678 S.W. 2d 78, 79 (Tex.Cr.App.1984), or otherwise fails to "substantially comply," Article 26.-13(c), supra, with the statute, *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1980), *Hurtwitz v. State*, 700 S.W.2d 919, 921 (Tex.Cr.App.1985) (Clinton, J., concurring) *cert. denied*, 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986).

Appellant argues that his conviction in Cause No. 31,270 is void for two reasons. First, he contends that his testimony, out of the presence of the jury, that he did not "recollect" or "recall" executing written waivers or being admonished pursuant to Art. 26.13(a), supra, prior to his guilty plea, together with the fact that the written waivers and admonishments found among the papers for, and purportedly made in, Cause No. 31,270 in fact bear the cause No. 31,271, discharged his burden of showing violation of Articles 1.13, 1.14, 1.15, and 26.13, V.A.C.C.P. Second, and in the alternative, he maintains that, if he was admonished prior to his guilty plea, the conviction is nonetheless void for violation of Article

26.13, supra, because an improper range of punishment was given, *viz:* 2–10 years imprisonment rather than 2–12 years. See former Penal Code, Art. 1309.[3]

■ Assuming *arguendo* that appellant's motion to quash was timely raised,[4] we reject both of appellant's arguments.

The formal judgment and sentence in Cause No. 31,270 recites *inter alia:* that appellant appeared in person, with counsel, and "having elected to waive a jury herein ... requested that a trial by jury be waived and this cause be tried by and before the court;" that counsel for the State and the trial judge consented to and approved this waiver, in writing, prior to appellant's plea of guilty; that appellant "having been duly arraigned before the court ... [then] pleaded guilty to the charge contained in the indictment filed herein, [and] thereupon the Court admonished the Defendant of the consequences of said plea of guilty but the Defendant persisted in pleading guilty." The State introduced a copy of this judgment and sentence during the punishment phase of the trial of the instant cause and adequately identified appellant with that document.

Under these circumstances, "this Court will indulge every presumption in favor of the regularity [and truthfulness] of the[se] documents ... This means that the recitations are binding in the absence of direct proof of their falsity." *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Cr.App.1985) (States Motion for Rehearing). Consequently, once the State introduced these documents into evidence, "[t]he burden then shift[ed] to the defendant, [to] make an affirmative showing of any defect in the judgment." *Johnson v. State,* 725 S.W.2d 245, 247 (Tex.Cr.App.1987). See also *Vega v. State,* 707 S.W.2d 557, 559 (Tex.Cr.App. 1986) (On State's motion for rehearing); *Harvey v. State,* 485 S.W.2d 907, 909 (Tex. Cr.App.1972).

■ Appellant did not discharge that burden by showing that the copies of the waivers and admonishments "filed in the papers of", Art. 1.13, supra, and "in the file of the papers of", Art. 1.15, supra, Cause No. 31,270 purport on their face to relate to a different cause. Such proof does not affirmatively show that appropriate waivers and admonishments were not executed by appellant or given by the trial court in Cause No. 31,270. At most, it shows only that the Court's file for that cause did not contain copies of these documents some 8 years after entry of the judgment and sentence. But, it is settled that such proof alone is not sufficient to discharge appellant's burden. See, e.g., *Lopez v. State,* 708 S.W.2d 446, 447–448 (Tex.Cr.App.1986); *Breazeale,* supra, and *Williams v. State,* 605 S.W.2d 596, 598–599 (Tex.Cr.App.1980). Addition of testimony from appellant that he did not "recall" or "recollect" having executed such a waiver, or indeed that he did not "remember anything" about the court proceedings in Cause No. 31,270, does not alter that result. See, e.g., *Harvey,* supra, at 909; *Williams,* supra, at 598–599; *Garcia v. State,* 630 S.W.2d 727, 729–730 (Tex.App.—San Antonio 1982) PDR refused.

### B.

However, the judgment and sentence is silent concerning waiver of appellant's rights to appearance, confrontation and crossexamination of witnesses. It states only that, after appellant pled guilty, the State introduced "evidence ... showing [his] guilt" and the court "accepted" that evidence "as a basis for its verdict." Consequently, this question cannot be resolved in the same manner as the others in this point of error, i.e., by determining whether appellant rebutted an affirmative recitation in the judgment and sentence.[5] Compare,

---

**3.** Appellant did not elect to be sentenced under the 1974 Penal Code, but even if he had the admonishment would still have been incorrect, the applicable punishment range under the new code being 2–20 years and a $10,000.00 fine.

**4.** See however, *Garcia v. State,* 541 S.W.2d 428 (Tex.Cr.App.1976); *Hill v. State,* 633 S.W.2d 520

(Tex.Cr.App.1982); *Ex parte Todd,* 669 S.W.2d 738 (Tex.Cr.App.1984) and *Ex parte Adams,* 701 S.W.2d 257 (Tex.Cr.App.1985).

**5.** The recitation that "evidence" was received and accepted and formed the basis for the verdict should not be taken to mean that, *inter alia,* sworn testimony or authenticated documentary

*Willhoite v. State,* 642 S.W.2d 531, 534 (Tex.App.—Houston (14th) 1982), no P.D.R. (Recitation in judgment that trial court, in writing, approved defendant's waiver of rights to appearance, confrontation and cross examination of State's witnesses was sufficient to show compliance with Art. 1.15, supra, even though judge's signature did not appear on stipulation form itself).

Manifestly, however, written waivers of these rights, to which appellant "consent[ed] in writing", Art. 1.15, supra, which were "approved by the court in writing", *id.,* and which were otherwise proper in all respects save and only for the variance in cause numbers, *were* in fact "filed in the file of the papers of", Art. 1.15, supra, Cause No. 31,270. Moreover, all parties agree that appellant *was* in fact *convicted* of a prior felony as alleged in the indictment. Appellant does not claim that that conviction was in fact secured in violation of his rights to appearance, confrontation and crossexamination of witnesses. Rather, his claim is that the State is precluded from using these documents to prove waiver and consent in compliance with Art. 1.15, supra, solely because of the variance in the cause number on the face of the judgment and the waiver form.

If the variance had been between the cause number alleged in the enhancement count and that on the formal judgment and sentence of the prior conviction, appellant would obtain a reversal only if he could show "prejudicial surprise". See, *Freda v. State,* 704 S.W.2d 41, 42 (Tex.Cr.App.1986); *Cole v. State,* 611 S.W.2d 79, 82 (Tex.Cr. App.1981); *Williams v. State,* supra. But,

appellant's counsel testified at the hearing on the motion to quash that he had obtained copies of the documents in the court's file for Cause No. 31,270, including the two page waiver and admonishments form, two weeks before appellant's trial. Generally, such prior knowledge would rebut any claim that a variance between the cause numbers in the enhancement allegations and those on the judgment and sentence impermissibly impeded preparation of his defense or otherwise harmed the accused. See, *Freda,* supra, *Cole,* supra, and *Williams,* supra. We find no principled basis for holding that a variance in cause numbers between that alleged in the indictment and that on the judgment and sentence is not reversible error in such circumstances, but that a variance between that on the judgment and sentence and that on the written waiver form is.

At most, appellant raises a factual issue as to whether this discrepancy occurred because these waivers were given in cause number 31,27*0,* and properly filed among the papers for that cause, but an incorrect cause number was mistakenly written on their face; or because they were given in cause number 31,27*1* and not in cause number 31,27*0,* but were mistakenly filed among the papers for the latter cause. That is, whether document evidences a proper waiver *in that cause number noted on the file* in which it was placed and retained by the District Clerk *or in that noted on the face of the document itself.* The trial court, after a full evidentiary hearing on the motion to quash, resolved this dispute in favor of the former scenario

evidence was introduced *to the exclusion of any stipulated evidence* so that compliance with Art. 1.15, supra, is unnecessary. While it is sometimes said in civil law that a stipulation constitutes a waiver of evidence, see *Sanroc Co. Int'l v. Roadrunner Transportation, Inc.,* 596 S.W.2d 320, 323 (Tex.Civ.App.—Houston (1st) 1980) no writ and, generally, McCormick and Ray, 1A Texas Law of Evidence (3d Ed.) § 1127, it is settled that, as a matter of Texas *criminal* law, the term "stipulation," at least as used in Art. 1.15, supra, includes *inter alia* agreements as to what particular evidence or testimony would be, if presented in full in open court, without conceding the truthfulness of that evidence or otherwise waiving the need for proof. See, *Stewart*

*v. State,* 681 S.W.2d 774, 775 (Tex.App.—Houston (14th) 1984) P.D.R. refused; *Shell v. State,* 496 S.W.2d 623, 626 (Tex.Cr.App.1973) (stipulations of evidence must be "view[ed] . . . just as if the witness had so testified.") It is not surprising, therefore, that Texas courts, this Court included, have sometimes treated stipulations *as evidence.* See, e.g., *Lopez,* 708 S.W.2d at 448; *Valdez,* 555 S.W.2d at 464; and cases collected in 45 Texas Digest 2d, *Stipulations,* 742–788. Thus, the mere recitation that "evidence" was introduced and relied upon as a basis for judgment by the court, does not dispense with the need to secure waivers in compliance with Art. 1.15, supra.

and against appellant. Appellant has not shown why that resolution was erroneous. See, *Williams*, 605 S.W.2d at 598–599; and cf. *Ex parte Aaron*, 691 S.W.2d 680 (Tex. Cr.App.1985); compare, *Hughes v. State*, 533 S.W.2d 824 (Tex.Cr.App.1976).

### C.

■ With respect to the allegedly incorrect punishment admonishment, it is undisputed that the range of punishment given, 2–10 years imprisonment, was incorrect. However, the actual sentence assessed in this cause was six years, well within both the actual and stated maximum for the offense. Under such circumstances, this Court has held that such an admonishment "substantially complies" with the requirements of Article 26.13, supra. See *Taylor v. State*, supra and its progeny. Such compliance constitutes "a prima facie showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and was thus harmed." *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Cr.App.1985). See also, *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr.App.1979). Appellant has not alleged or proved that the plea in Cause No. 31,270 was the product of a plea bargain to which he reasonably would not have agreed had he been correctly admonished. Therefore, he has not shown that "he was misled or harmed by the admonishment." *Ex parte Smith*, supra at 79. Compare, *Hurwitz*, supra.[6]

Appellant's fourth point of error is overruled.

In his final point of error, appellant complains of the introduction of that portion of the pen packet containing records and notations showing that appellant pled guilty and was convicted in Cause No. 31,366 in the Criminal District Court of Jefferson County on August 20, 1974 of the additional offense of sexual abuse. That offense was not alleged as a basis for enhancement. Rather, these records were offered as evidence of appellant's prior criminal record. Article 37.07, § 3, supra. Appellant objected at trial, and now argues on appeal, that these records were not properly authenticated under Article 3731a, V.A. C.S., and were therefore inadmissible.

Appellant's complaint, in essence, is that the judgment and sentence offered with the pen packet did not conform in all respects to that found in the court's files. In the copy filed with the court, appellant's name is twice misspelled as "Wayen" rather than "Wayne," and "sexual" abuse is misspelled "*su* xual abuse." In the copy introduced with the pen packet, "Wayne" is misspelled only once and "sexual abuse" not at all. Out of the jury's presence, appellant elicited testimony from a Jefferson County District Clerk's record's custodian that the mistakes on the court's copy appeared to have been "whited out" and corrected in the pen packet copy and that these changes could not have occurred after the document was filed with the District Clerk's office. On this basis appellant argues that the documents in the pen packet "could not have ever been true copies of the instruments on file" in the clerk's office and so were never properly authenticated for admission under Article 3731a, supra.

■ The pen packet was accompanied by a certificate from the Texas Department of Corrections custodian of records complying with Article 3731a, § 4, supra, and attesting that the copies of the official records contained therein are true and correct copies of the originals on file with the Texas Department of Corrections. This is sufficient to show the degree of authenticity required for admission under that stat-

---

**6.** Appellant cites *Weekley v. State*, 594 S.W.2d 96, 97 (Tex.Cr.App.1980) in support of his claim. In *Weekley*, this court reversed an aggravated kidnapping conviction because it found that an admonishment prior to acceptance of the defendant's guilty plea that the applicable punishment range was 2–20 years imprisonment did not constitute "substantial compliance" under Article 26.13, supra "on the facts of th[at] case," *id.*, where the applicable punishment range in fact was 5–99 years imprisonment *and* the defendant was sentenced to 25 years incarceration in TDC. *Weekley* is obviously distinguishable on its facts. See, e.g., *Taylor* and *Gibauitch*, both supra.

ute for each document, including the judgment and sentence in Cause No. 31,366. See, *Blakes v. State*, 634 S.W.2d 319, 320 (Tex.Cr.App.1982); *Todd v. State*, 598 S.W.2d 286, 2192–293 (Tex.Cr.App.1980); *Aaron v. State*, 546 S.W.2d 277, 278 (Tex.Cr. App.1976); overruled in part in *Freda*, supra, at 43; *Tinsley v. State*, 695 S.W.2d 93, 96 (Tex.App.—Fort Worth 1985) PDR refused; and also *Vessels v. State*, 432 S.W. 2d 108, 117 (Tex.Cr.App.1968) (On appellant's motion for rehearing) (rules for admission under former Article 3731a are same for proof of prior convictions under Article 37.07, § 3, supra, and enhancement allegations).

■ Indeed, appellant's complaint is not that the documents in the pen packet are not *authentic* copies of the original judgment and sentence. Rather, his complaint is that they are not *accurate* copies. This complaint goes to the weight of the evidence only and not to its admissibility. See, *Evans v. State*, 677 S.W.2d 814, 819–820 (Tex.App.—Fort Worth 1984) no PDR; cf. *Voss v. Southwestern Bell Telephone Co.*, 610 S.W.2d 537 (Tex.Civ.App.—Houston [1st] 1980) writ ref'd, n.r.e. (holding that once requirements of Tex.R.Evid., Rule 806(b) were satisfied, mechanical accuracy of computer and skill of operator went to weight and not admissibility of computer summary of business records.) In this regard, it is also noteworthy that appellant's name is spelled correctly in the case style heading the formal judgment and sentence in Cause No. 31,366, and that the offense is also spelled correctly in the sentence immediately preceding that containing the phrase "*su* xual abuse." Consequently, the discrepancies between the copy of the judgment in the court's files and that in the pen packet are due to obvious clerical mistakes and do not rebut the external indicia of reliability inherent in an official record and which provide the basis for admission of that category of hearsay evidence. See, *Porter v. State*, 578 S.W.2d 742 (Tex.Cr.App.1979) appeal after remand 623 S.W.2d 374 (Tex.Cr.App. 1981), *cert. denied*, 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982).

Appellant's final point of error is overruled.

No reversible error being present, we affirm the judgment of conviction.

ONION, P.J., and McCORMICK, J. concur in the results.

TEAGUE, J., dissents because he does not believe that where a case is presently pending on motion for rehearing, and has not yet been ruled upon, such case should not be used as authority. This relates to the majority opinion's disposition of points of error numbers one and two.