Reversed and Remanded and Memorandum Opinion filed November 4, 2003















Reversed and
Remanded and Memorandum Opinion filed November 4, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00381-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

PERNELL KIZZEE, Appellee

 

__________________________________________________

 

On Appeal from
the 278th District Court

Walker County, Texas

Trial Court
Cause No. 20,909-C

 

__________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            The State
appeals an order granting appellee Pernell Kizzee’s motion to
dismiss for violation of the Texas Speedy Trial Act, specifically article
32A.02 of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc.
Ann. art. 32A.02 (Vernon 1989).  In a single
issue, the State contends the trial court erred by granting the motion based on
an unconstitutional statute.  We reverse.




 








I.  Procedural and Factual
Background

            A grand jury charged appellee by indictment with the offense of assault against
a public servant on February
 21, 2001, for an incident that occurred on or about October 4, 1999.  See
Tex. Penal Code § 22.01 (Vernon Supp. 2002).  A jury trial
began on August 7, 2001.  The trial court declared a mistrial the
following day because the jury was unable to reach a verdict.  The trial court’s docket entries indicate the
“defendant decided to go to trial” by an order dated October 18, 2002.  The next entry notes that on January 17, 2003, the case
was reset for February
 3, 2003.[1]  The State sought to amend the indictment by
motion on January
 17, 2003.  On the same
day, appellee filed a motion to dismiss for violation
of Code of Criminal Procedure article 32A.02, the Texas Speedy Trial Act.  The court held a hearing in its chambers to
consider appellee’s motion on February 18, 2003.  At the hearing, the trial court acknowledged
the unconstitutionality of article 32A.02. 
The parties then began discussing the factors courts balance in
determining a federal or state constitutional claim to a speedy trial.  During this discussion, the trial court
inquired whether the State was ready to proceed with trial that day.  When the State announced it was not ready to
begin trial, the court granted appellee’s
motion.  The court’s order,
captioned “Order on Motion to Dismiss for Violation of Art. 32A.02 CCP (Texas
Speedy Trial Act),” references only a violation of the Texas Speedy Trial Act
as the reason for the court’s dismissal of the indictment; the order does not
mention the federal or state constitutional guarantees to a speedy trial as a
basis for the trial court’s decision.    

 

 

II.  Issue Presented

            In its sole issue for appellate
review, the State contends the trial court erred in granting the motion to
dismiss for violation of article 32A.02 because the statute was declared
unconstitutional by the Texas Court of Criminal Appeals in 1987.

III.  Analysis and Discussion

            The Sixth Amendment to the United
States Constitution, as applied to the states through the Fourteenth Amendment,
guarantees the right to a speedy trial.  U.S. Const. amend. VI; Barker v. Wingo,
407 U.S. 514, 515 (1972); Dragoo v. State, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).  The Texas Constitution also guarantees the
accused the right to a speedy public trial in all criminal prosecutions.  Tex. Const. art. I, § 10; Zamorano v. State, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002).  An alleged violation of article 32A.02 of the
Code of Criminal Procedure is an independent statutory claim distinct from
claims based on the federal and state constitutional guarantees of a speedy
trial.  See Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim.
App. 1992) (treating Texas Speedy Trial Act and constitutional guarantees as
supporting two separate claims); Meshell v. State,
739 S.W.2d 246, 258 (Tex. Crim. App. 1987)
(addressing appellant’s constitutional speedy-trial claims separately from his
statutory article 32A.02 claim).

            On appeal, the State challenges the
trial court’s ruling on only one ground. 
The State asserts that the trial court erred in setting aside the
indictment based on article 32A.02 of the Texas Speedy Trial Act.  The Texas Court of Criminal Appeals declared
article 32A.02 of the Texas Code of Criminal Procedure unconstitutional in
1987.  See Meshell, 739 S.W.2d
at 257–58.  In Meshell, the court fouond article 32A.02 and its enforcement mechanism —
article 28.061 — unconstitutional because the legislature had violated the separation
of powers doctrine.  See id. at 257.  In doing so, the court held
article 32A.02 void in its entirety. 
See id. at
258.  Because the Act is invalid, it
cannot provide the basis for relief.  Harris, 827 S.W.2d at
956; Robinson v. State, 739 S.W.2d
795, 797 (Tex. Crim. App. 1987).  Appellee’s motion
to dismiss raised only a violation of article 32A.02 as grounds for setting
aside the indictment.  Likewise, the
trial court’s order in this case makes reference to a violation of article
32A.02 as the only basis for dismissing the indictment, despite the fact that
at the hearing[2] the
trial court acknowledged the article was unconstitutional and the parties
engaged in a brief discussion of the federal constitutional speedy-trial
rights.  Because the Act cannot be the
basis for relief, the trial court erred in granting the motion to set aside the
indictment on this ground.  Accordingly,
we sustain the State’s sole point on appeal.

IV.  Conclusion

            Because article 32A.02 has been
declared unconstitutional by the Texas Court of Criminal Appeals, the trial
court erred in granting the motion to dismiss based on this statute.  Accordingly, we reverse the trial court’s
order granting appellee’s motion to dismiss, setting
aside the indictment, and discharging appellee, and
we remand this case for further proceedings consistent with this opinion.   

 

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed November 4, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).

 











            [1]  Appellee states in his brief that his case was actually called to trial on February 18, 2003, and he includes a “Notice of Docket Call” listing dates for the trial
court’s February session. 
The notice does not state specifically when appellee’s
case was to go to trial.  





            [2]  The trial court’s order, in pertinent part,
states: 

 

            Be it remembered that on this date came to be considered
motion by Defendant PERNELL KIZZEE to DISMISS the indictment in that case for
violation of the Texas Speedy Trial Act Art. (32A.02 Code Crim. Proc.). 


 

            At the hearing, the trial court stated: “And the question
is you’re basing this on 32(a)02 [sic], which I
thought had been declared unconstitutional . . . .  It says in my book it was declared
unconstitutional in the case of Meshell,
M-e-s-h-e-l-l, versus State in 1987.”