Opinion filed May 21, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00184-CR

                                           __________

 

                            THOMAS JOSEPH GOTELAERE, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16541B

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
trial court convicted Thomas Joseph Gotelaere, upon his plea of guilty, of
felony driving while intoxicated.  A plea bargain agreement was not entered. 
Appellant entered a plea of true to the enhancement allegation.  The trial
court assessed his punishment at confinement for eight years.  We affirm.

                                                      Proceedings
in the Trial Court








The
indictment alleged that appellant committed the present offense of DWI on
January 2, 2007.  The indictment further alleged that appellant had been
convicted of DWI in 1997 and 1991.  These were jurisdictional allegations to
enhance the present offense to a third degree felony under Tex. Penal Code Ann. ' 49.09(b) (Vernon Supp.
2008).  To enhance the punishment for the present offense to the range of
punishment for a second degree felony, a 2001 conviction for DWI was also
alleged.  Tex. Penal Code Ann. ' 12.34 (Vernon 2003).

On
April 9, 2008, the trial court conducted a hearing on appellant=s open plea of guilty.  The
trial court admonished appellant both in open court and in writing.  Appellant
entered a stipulation of evidence that he had committed the offense as well as
the two jurisdictional prior DWIs.  He also testified that he was pleading
guilty because he was guilty and that he was entering his plea freely and
voluntarily.  Appellant waived his right to appeal as to his conviction but
retained his right to appeal as to punishment.

At
the plea hearing, the punishment enhancement allegation was not discussed.  The
trial court admonished appellant that the range of punishment was confinement
for a term of not less than two years and not more than ten years and an
optional fine not to exceed $10,000.  At the conclusion of the plea hearing,
the trial court ordered the preparation of a presentence investigation report
and scheduled a hearing as to punishment.

On
May 30, 2008, the trial court conducted a hearing as to punishment.  The trial
court opened the hearing by addressing the enhancement allegation as to
punishment.  The trial court explained that the punishment enhancement
allegation had the effect of treating the present offense as a second degree
felony rather than a third degree felony.  The trial court explained that the
range of punishment was confinement for a term of not less than two years and
not more than twenty years and an optional fine not to exceed $10,000.  Both
appellant and his counsel stated that they had discussed this range of
punishment, and appellant entered a plea of true to the punishment enhancement
allegation.

The
trial court then specifically directed the parties= attention to the misstatement in the
presentence investigation report concerning the punishment range of a term of
confinement between two and ten years.  The trial court stated the correct
punishment range of a term of confinement between two and twenty years and
asked the parties if they had any objection.  Appellant and the State both
affirmatively stated that they did not have any objections.








Appellant
testified concerning what he described as his Avery
lengthy history with alcoholism.@ 
Appellant requested a probated sentence and placement in the SAFPF program.

At
the conclusion of the May hearing, the trial court convicted appellant of DWI,
found the punishment enhancement allegation to be true, and imposed a sentence
of confinement for eight years.

                                                                  Issue
on Appeal

In
his sole issue, appellant contends that reversible error occurred during the
April plea hearing when the trial court admonished him concerning the
punishment range for a third degree felony instead of admonishing him
concerning the range for a second degree felony.  Appellant further contends
that the trial court erred in accepting his plea of guilty.

The
State responds by arguing that the trial court corrected the admonishments
concerning the proper range of punishment and, therefore, substantially
complied with Tex. Code Crim. Proc. Ann.
art. 26.13 (Vernon 2009).  Further, the State contends that appellant has
failed to show any harm or to show that he was misled by the prior incorrect
admonishment.  The State points out that the punishment assessed was within
both the range of punishment for a third degree felony and a second degree
felony.  

                                                                        Analysis

The
State relies upon the case of Robinson v. State, 739 S.W.2d 795 (Tex.
Crim. App. 1987), to support its position that the trial court substantially
complied with Article 26.13.  While the court in Robinson was addressing
a collateral challenge to the trial court=s
admonishment in the conviction used for enhancement purposes, we find that the
reasoning of the Robinson court supports the proposition that the trial
court did substantially comply with the requirements of Article 26.13.  In Martinez
v. State, 981 S.W.2d 195, 196-97 (Tex. Crim. App. 1998), the court used the
reasoning in Robinson to hold that, in a direct appeal where the actual
punishment assessed was within both the proper range of punishment and the
improperly stated range of punishment, the trial court=s admonishments substantially complied with
the requirements of Article. 26.13.








Moreover,
appellant has not shown how he was harmed or misled by the original
admonishment at the plea hearing.  The record does not support his argument
that reversible error occurred.  At the May punishment hearing, the trial court
corrected the admonishment, the parties affirmatively stated that they had no
objections, and appellant proceeded with his pleas of guilty and true.  The
issue is overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

May 21, 2009  

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.