**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00184-CR

_____

## THOMAS JOSEPH GOTELAERE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16541B**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Thomas Joseph Gotelaere, upon his plea of guilty, of felony driving while intoxicated. A plea bargain agreement was not entered. Appellant entered a plea of true to the enhancement allegation. The trial court assessed his punishment at confinement for eight years. We affirm.

### _Proceedings in the Trial Court_

The indictment alleged that appellant committed the present offense of DWI on January 2, 2007. The indictment further alleged that appellant had been convicted of DWI in 1997 and 1991.

These were jurisdictional allegations to enhance the present offense to a third degree felony under TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp. 2008). To enhance the punishment for the present offense to the range of punishment for a second degree felony, a 2001 conviction for DWI was also alleged. TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

On April 9, 2008, the trial court conducted a hearing on appellant's open plea of guilty. The trial court admonished appellant both in open court and in writing. Appellant entered a stipulation of evidence that he had committed the offense as well as the two jurisdictional prior DWIs. He also testified that he was pleading guilty because he was guilty and that he was entering his plea freely and voluntarily. Appellant waived his right to appeal as to his conviction but retained his right to appeal as to punishment.

At the plea hearing, the punishment enhancement allegation was not discussed. The trial court admonished appellant that the range of punishment was confinement for a term of not less than two years and not more than ten years and an optional fine not to exceed $10,000. At the conclusion of the plea hearing, the trial court ordered the preparation of a presentence investigation report and scheduled a hearing as to punishment.

On May 30, 2008, the trial court conducted a hearing as to punishment. The trial court opened the hearing by addressing the enhancement allegation as to punishment. The trial court explained that the punishment enhancement allegation had the effect of treating the present offense as a second degree felony rather than a third degree felony. The trial court explained that the range of punishment was confinement for a term of not less than two years and not more than twenty years and an optional fine not to exceed $10,000. Both appellant and his counsel stated that they had discussed this range of punishment, and appellant entered a plea of true to the punishment enhancement allegation.

The trial court then specifically directed the parties' attention to the misstatement in the presentence investigation report concerning the punishment range of a term of confinement between two and ten years. The trial court stated the correct punishment range of a term of confinement between two and twenty years and asked the parties if they had any objection. Appellant and the State both affirmatively stated that they did not have any objections.

Appellant testified concerning what he described as his "very lengthy history with alcoholism." Appellant requested a probated sentence and placement in the SAFPF program.

At the conclusion of the May hearing, the trial court convicted appellant of DWI, found the punishment enhancement allegation to be true, and imposed a sentence of confinement for eight years.

*Issue on Appeal*

In his sole issue, appellant contends that reversible error occurred during the April plea hearing when the trial court admonished him concerning the punishment range for a third degree felony instead of admonishing him concerning the range for a second degree felony. Appellant further contends that the trial court erred in accepting his plea of guilty.

The State responds by arguing that the trial court corrected the admonishments concerning the proper range of punishment and, therefore, substantially complied with TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon 2009). Further, the State contends that appellant has failed to show any harm or to show that he was misled by the prior incorrect admonishment. The State points out that the punishment assessed was within both the range of punishment for a third degree felony and a second degree felony.

*Analysis*

The State relies upon the case of *Robinson v. State*, 739 S.W.2d 795 (Tex. Crim. App. 1987), to support its position that the trial court substantially complied with Article 26.13. While the court in *Robinson* was addressing a collateral challenge to the trial court's admonishment in the conviction used for enhancement purposes, we find that the reasoning of the *Robinson* court supports the proposition that the trial court did substantially comply with the requirements of Article 26.13. In *Martinez v. State*, 981 S.W.2d 195, 196-97 (Tex. Crim. App. 1998), the court used the reasoning in *Robinson* to hold that, in a direct appeal where the actual punishment assessed was within both the proper range of punishment and the improperly stated range of punishment, the trial court's admonishments substantially complied with the requirements of Article. 26.13.

Moreover, appellant has not shown how he was harmed or misled by the original admonishment at the plea hearing. The record does not support his argument that reversible error occurred. At the May punishment hearing, the trial court corrected the admonishment, the parties

3

affirmatively stated that they had no objections, and appellant proceeded with his pleas of guilty and true. The issue is overruled.

*Holding*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


May 21, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.