**Opinion issued March 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00249-CR

————————————

**TODD ARLAND MITCHELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1438321**

---

## MEMORANDUM OPINION

Appellant Todd Arland Mitchell pleaded guilty to the offense of driving while

intoxicated and "true" to a prior conviction for intoxication manslaughter, without

an agreed recommendation as to punishment.[1] After a pre-sentence investigation (PSI) hearing, the trial court assessed appellant's punishment at ten years' incarceration in the Texas Department of Criminal Justice, Institutional Division. On appeal, appellant argues that: (1) the trial court erred when it improperly admonished him as to the range of punishment prior to entry of his plea, and (2) the trial court's failure to properly admonish him rendered his guilty plea involuntary. We affirm.

## Background

Appellant was involved in a minor car accident and was later arrested and charged by indictment with driving while intoxicated with a prior conviction for intoxication manslaughter. Appellant subsequently pleaded guilty to the offense and true to the prior conviction paragraph, without an agreed recommendation as to punishment.

As part of his plea, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he "waive[d] the right of trial by jury[,] the appearance, confrontation, and cross-examination of witnesses, and [his] right against self-incrimination." Appellant also signed and initialed written "Admonishments" which informed him that he was charged with "DWI 3rd." The form was also signed by appellant's attorney and the trial judge. Appellant initialed next to some "x" marks in the form, but not others, and there is an "x" mark

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(1) (West Supp. 2015).

2

next to the punishment-admonishment paragraph for "third degree felony," but the paragraph itself contains only an "x" mark instead of appellant's initials. The punishment range for "third degree felony with one enhancement," however, is circled and linked to a handwritten notation at the bottom of the page that was initialed by the trial judge, stating that appellant was "admonished as to this punishment range," which is not more than twenty years' confinement. However, the punishment range for a conviction of driving while intoxicated with a prior conviction for intoxication manslaughter is that of a third-degree felony, not more than ten years' confinement.

Although the plea proceedings were not recorded, the docket sheet notes that appellant was "admonished by the Court of the consequences of said plea."

During the PSI hearing, the State offered testimony from the surviving complainant from appellant's 1997 intoxication manslaughter case and the officer who investigated the accident. Appellant and appellant's friend testified for the defense at the hearing. At the conclusion of the hearing, the trial court assessed appellant's punishment at ten years' incarceration in the Texas Department of Criminal Justice, Institutional Division.

**Plea Admonishments**

In his first issue, appellant argues that the trial court failed to properly admonish him as to the correct range of punishment prior to the entry of his guilty

3

plea. Specifically, appellant argues that although he pleaded guilty to a third-degree felony offense, the trial court admonished him as to the punishment range for a third-degree felony with one enhancement.

## A. Applicable Law

Prior to accepting a plea of guilty, a trial court must admonish the defendant as to the range of the punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2014). The court may make the admonitions either orally or in writing. *Id.* art. 26.13(d). If it does so in writing, it must receive a statement signed by the defendant and the defendant's attorney that the defendant understands the admonitions and is aware of the consequences of his plea. *Id.*

Substantial compliance with Article 26.13 is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* art. 26.13(c). Substantial compliance creates a prima facie showing that the plea was voluntary, which shifts the burden to the defendant to show he did not understand the consequences of his plea and that he was harmed or misled by the admonishment given. *See id.*; *Aguirre–Mata v. State*, 125 S.W.3d 473, 480 (Tex. Crim. App. 2003). "When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained." *Martinez v. State*, 981

4

S.W.2d 195, 197 (Tex. Crim. App. 1998) (citing *Robinson v. State*, 739 S.W.2d 795 (Tex. Crim. App. 1987)). A trial court's failure to properly admonish a defendant about the range of punishment before accepting a guilty plea is subject to harmless error analysis. *See* TEX. R. APP. P. 44.2(b); *Aguirre–Mata*, 125 S.W.3d at 474.

## B.     Analysis

Appellant was charged by indictment with the third-degree felony offense of driving while intoxicated with a prior conviction for intoxication manslaughter. TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(1) (West Supp. 2015). The charged offense carries a punishment range of two to ten years' confinement, and a possible fine not to exceed $10,000. *Id.* § 12.34 (West 2011). Because the plea proceedings were not recorded, the record is silent as to whether appellant received any oral admonishments from the trial court prior to his plea. The clerk's record, however, demonstrates that appellant was incorrectly admonished in writing as to the range of the punishment attached to his offense.  Specifically, the clerk's record indicates that the trial judge admonished appellant of the punishment range for a third-degree felony with one enhancement, which carries a punishment range of two to twenty years' confinement, and a possible fine not to exceed $10,000. *Id.* § 12.33 (West 2011), § 12.42(a) (West Supp. 2015). The trial court assessed appellant's punishment at ten years' confinement.

Because appellant's ten-year sentence falls within the punishment ranges for both a third-degree felony and a third-degree felony with one enhancement, the trial court's admonishment substantially complied with Article 26.13. *See Martinez*, 981 S.W.2d at 197. Appellant argues that he could not have been aware of the consequences of his plea because he was improperly admonished as to the correct range of punishment. Appellant, however, does not argue that he was misled or harmed by the trial court's incorrect punishment-range admonishment nor has he pointed the court to any record evidence that would support such a finding. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (requiring defendant to affirmatively show that he was not aware of consequences of his plea *and* that he was misled or harmed by court's admonishments). Without such an affirmative showing, appellant has not met his burden under art. 26.13(c). *Id.*

We overrule appellant's first issue.

**Voluntariness of Guilty Plea**

In his second issue, appellant argues that the trial court's failure to properly admonish him as to the correct range of punishment rendered his guilty plea involuntary in violation of his due process rights.

**A.  Applicable Law**

A guilty plea constitutes a waiver of three constitutional rights: (1) the right to a jury trial, (2) the right to confront one's accusers, and (3) the right not to

incriminate oneself. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969). Accordingly, a guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Id.* at 242, 89 S. Ct. at 1712–13; *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970).

Although Article 26.13 was intended to facilitate the entry of adequately informed guilty pleas, the Court of Criminal Appeals has recognized that due process does not require "the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment." *Aguirre-Mata*, 125 S.W.3d at 475–76; *see also Davison v. State*, 405 S.W.3d 682, 692 (Tex. Crim. App. 2013) (stating that "[w]e have found no Supreme Court case . . . holding that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment renders the guilty plea invalid.") (citation omitted). "So long as the record *otherwise* affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied." *Davison*, 405 S.W.3d at 687.

Appellant argues that because he "was not properly admonished as to the actual correct range of punishment that he faced, and in the absence of any other evidence in the record to the contrary, it is simply impossible for [him] to have

7

entered his plea of guilty with full knowledge and understanding of the consequences that he faced. Without this necessary understanding, [his] plea of guilty was not voluntarily made in violation of his due process rights." Here, the appellate record reflects that appellant signed a waiver acknowledging that he was admonished with respect to each of the constitutional rights mentioned in *Boykin* that a defendant pleading guilty necessarily waives—trial by jury, confrontation, and the privilege against self-incrimination. Appellant also initialed the admonishments, affirmatively stating that he "fully underst[ood] the consequences of [his] plea," he "freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of [his] attorney," and that he was "aware of the consequences of [his] plea . . . and [his] plea [was] freely and voluntarily made." Thus, the record is not silent with respect to whether appellant understood the consequences of his plea and entered his plea voluntarily. *See Davison*, 405 S.W.3d at 692.

Furthermore, because appellant was admonished in substantial compliance with the requirements of Article 26.13, the burden shifted to appellant to show he did not understand the consequences of his plea and that he was harmed or misled by the admonishment given. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Martinez*, 981 S.W.2d at 197. As previously discussed, appellant failed to meet his burden. Appellant was sentenced within the correct punishment range and has not "demonstrated that he relied on the incorrect portion of the admonishment in

choosing to enter a plea of guilty. Thus, he fails to sustain his claim that his plea was not voluntary." *Martinez*, 981 S.W.2d at 197.

We overrule appellant's second issue.

## HYBRID REPRESENTATION

Appellant filed a pro se supplemental brief raising three additional issues even though appellate counsel had already filed a brief. A criminal defendant is not entitled to hybrid representation on appeal. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Consequently, we will not address the issues raised in the pro se supplemental brief. *See Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006) (refusing to address issues raised in pro se brief filed after defendant's counsel filed brief on appeal).

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice


Panel consists of Justices Bland, Brown, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).